FRANK GARDNER *v.* NEW ORLEANS & NORTHEASTERN RAILROAD COMPANY.

1. SUPREME COURT. *Transcript. Jurisdiction. Dismissal of appeal. Stenographer's notes. Recitals.*

Where the record of a case at law does not show an appeal from a justice court to the circuit court, and the sum demanded be less than $200, the supreme court will, of its own motion, dismiss the appeal to it for want of jurisdiction, although the stenographer's notes recite that the case was appealed to the circuit court from a justice court.

2. SAME. *Submission. Remand to docket. Certiorari.*

After the submission of such a case, the supreme court will remand it to the docket and award a certiorari to perfect the record only on condition that the appellant pay all costs of the appeal.

3. CARRIERS. *Railroads. Damages to freight. Peremptory instruction.*

In a suit against a railroad for damages to hardware, if it appear that the only damage was caused by water, the roof of the car leaky and heavy rains fell on it while the goods were in the custody of the company, a peremptory instruction for the defendant should not be given.

4. SAME. *Bill of lading. Recitals. Evidence.*

Recitals in a bill of lading that the goods were received in good condition are *prima facie* evidence of the fact.

FROM the circuit court of Jones county.

HON. JOHN R. ENOCHS, Judge.

Gardner, the appellant, was the plaintiff in the court below, and the railroad company, the appellee, was defendant there. The hardware, damage to which was sued for, was shipped to appellant at Laurel, Mississippi, from Mobile, Alabama. When the car was opened at Laurel it was found that the goods (stoves) were badly rusted, and when moved considerable quantities of water fell from them. They were not otherwise damaged. The roof of the car was defective and leaky, and it was shown that heavy rains fell on the car, between Meridian and Laurel, while it was in possession of appellee, railroad company. The bill of lading mentioned in the opinion of the court was issued at St. Louis, Mo., by the Mobile & Ohio Railroad Company. The court below gave a peremptory instruction for defendant, and the plaintiff appealed to the supreme court.

*Shannon & Street*, for appellant.

The peremptory instruction given appellee railroad company should have been refused. The burden of proof was upon appellee to exonerate itself from liability. This burden it wholly failed to meet. It is the duty of a carrier to show the absence of negligence on its part. This duty arises from the character of its occupation and from the rule of evidence requiring the facts to be proven by that party in whose knowledge they peculiarly lie. *Railway Co.* v. *Moss*, 60 Miss., 1003; *Railway Co.* v. *Abels, Ib.*, 1017; *Johnson* v. *Railway Co.*, 69 Miss., 191; *Faison* v. *Railway Co.*, 69 Miss., 569; *Railway Co.* v. *Tupelo, etc., Co.*, 67 Miss., 35; *Express Co.* v. *Seide*, 67 Miss., 609; *Railway Co.* v. *Faler*, 58 Miss., 911.

The last carrier will be held liable if it does not show that the loss or injury occurred on some preceding line, on the pre-

sumption that the goods delivered to the first carrier were also delivered to the last, and in the same condition in which they were started.      48 Am. & Eng. Railroad Cases, 457; 26 Fla., 143; 7 So. Rep., 544.

The last of a series of connecting lines is responsible for a loss or damage to goods occurring during transportation, subject to the limitations contained in the contract between the shipper and the company to which the goods were delivered, unless the company sued can show that the loss or damage did not occur on its line.      *Railway Co.* v. *Holloway*, 9 Bax. (Tenn.), 188.

In the case at bar not only did the railway company fail to show that the damage to the stoves did not occur on its line, but, by the testimony of its own agent, it is as reasonably certain as anything can well be that the damage did occur while the stoves were in appellee's possession.      If the stoves had been loaded on a leaky car it was the duty of appellee to inspect the car at the receiving point and to remedy any defects that might exist.      This it failed to show was done, and it is clearly liable in the light of the rules announced in the decisions.      And this is not changed by the fact that the last carrier transports the goods over its line in the foreign car in which it received them.      12 Am. & Eng. Railroad Cases, 35; 30 Minn., 438; 15 N. W. Rep., 872.

*Woods, Fewell & Fewell*, for appellee.

If the evidence establishes negligence anywhere along the entire line of the transportation of the goods in question (which we do not affirm), that negligence consisted in the initial carrier's (the Mobile & Ohio Railroad) forwarding the goods in an unsuitable car, a leaky car.      *Railway Co.* v. *Searles*, 71 Miss., 744.

The case is not one seeking simply to hold the last carrier to accountability because it delivered the goods in a damaged condition, it not being known or appearing where the injury took

place, but is one of a totally different character, one in which the party bringing suit against the last carrier shows himself whose negligence caused him injury, and what the proximate cause of that injury was. On the case made the court properly refused to call on a jury to render a verdict against one person when it was shown that another was liable for a negligent wrong.

This case must be affirmed, however, upon another and distinct ground, viz.: there is no line or word or syllable in the transcript before the supreme court, showing or tending to show, that the stoves were in good condition when received by initial carrier, or that they were in good condition when received by connecting carrier, at Meridian. The rule on this point is stated in 6 Am. & Eng. Enc. L. (2d ed.), p. 623, as follows: "The shipper makes out a *prima facie* case upon proof of the loss or injury and of the defendant carrier's having received the goods in good order." We need not multiply authorities, for the rule seems to be general. And especially need we not burden the court with citations from the courts of other states, for this, our own supreme court, has distinctly announced its adherence to this doctrine.

### ON JURISDICTION.

WHITFIELD, C. J., delivered the opinion of the court dismissing for want of jurisdiction.

There is no bond for appeal to the circuit court, and no judgment of the justice of the peace, nothing to show that the case originated before a justice of the peace. If not, the circuit court had no jurisdiction, and this court would have none. The mere statement of the stenographer that the case "had been tried by a justice of the peace and had been appealed to the circuit court" will not do. We can only dismiss the appeal. If the case was appealed to the circuit court, the bond and judgment should appear in the record. We will re-instate the case if appellant will, by certiorari, complete his record,

but on the condition that the appellant shall pay all the costs of the appeal in this court.    We find it necessary to impose these terms, to make appellants, in cases originating before justices of the peace, see to it that §§ 83 and 84 of the Code have been complied with.    We have had two such records before us within two weeks.    This court has twice settled the point.  See *Andrews* v. *Wallace*, 72 Miss., 291; *Crapoo* v. *Grand Gulf*, 9 Smed. & M., 205.

Not having jurisdiction, on the record as it now stands, since the circuit court is not shown to have had any, we enter the only judgment we can, which is to

*Appeal dismissed, but with privilege of reinstating on terms indicated.*

### ON THE MERITS.

After the delivery of the foregoing opinion, the appellant procured the reinstatement of the case on the terms mentioned therein, and the case having been resubmitted on the same briefs, the following opinion was rendered:

WHITFIELD, C. J., delivered the opinion of the court on the merits.

The peremptory instruction for appellee should not have been given.    The evidence clearly shows that the heavy rains of the sixteenth and seventeenth of April went right through the roof into the stoves.    The agent admits he saw the water in the stoves, that it might have gotten into them through the roof, and that he did not inspect the roof.

The goods were hardware, and it is plain the only damage they sustained was from the rain.  ·They were in good condition then in all respects save rust from these rains, and they were, therefore, of course in good condition when shipped from St. Louis.    The case, in this aspect, is much like 30 Minn., 438.    The most casual inspection of the roof of the car must have disclosed its unsuitableness.    The ease and abundance with which the rains went through the roof make it idle to

deny this.  *Res ipsa loquitur.*  And, on this evidence, it was manifestly improper to grant the peremptory charge. .

The bill of lading was improperly excluded.  4 Am. & Eng. Enc. L. (new ed.), 522 (7).

*Reversed and remanded.*