## City of Greenwood v. Jesse Weaver.

### [50 South. 981.]

Municipalities. *Violation of ordinance. Prosecution. Appeal to circuit court. Certification of record.*

> Under Code 1906, § 85, providing that the justice of the peace, mayor, or police justice from whose decision an appeal is taken shall transmit a certified copy of the record to the circuit court, the transmitted record of a municipal court must be certified by the police justice, and the same cannot be certified by the clerk of the court.

From the circuit court of Leflore county.

Hon. James M. Cashin, Judge.

Weaver, appellee, having been convicted before the municipal court of Greenwood for the violation of an ordinance of the city prohibiting the carrying of deadly weapons concealed, appealed to the circuit court, where he was again tried and acquitted, a peremptory instruction having been given in his favor, and the city of Greenwood appealed to the supreme court.

The record of appeal from the municipal court to the circuit court was certified not by the mayor and *ex-officio* police justice of the city, but by the city clerk and *ex-officio* clerk of the police court.

The circuit court, because of this fact, sustained appellee's motion to exclude the evidence and granted the peremptory instruction.

[It will be noted that the supreme court in no way passed upon the effect of the acquittal, obtained as above stated.]

*E. V. Hughston,* for appellant.

Appellee was tried in the circuit court of Leflore county on appeal from the police court of the city of Greenwood, on the charge of carrying a concealed weapon.

The evidence showed that he was found with a pistol concealed; and the city then introduced a certified copy of an ordinance of said city declaring all violations of the penal laws of the state amounting to misdemeanors to be in violation of the city ordinances. Objections were made to the introduction of this ordinance on several grounds. These objections being overruled, the city rested, and appellee made a motion to exclude the evidence, and for a peremptory instruction, assigning the following grounds: (1) Because the affidavit charges no offense; (2) Because the affidavit is void, having been made before the clerk of the city of Greenwood; (3) Because the record of the proceedings in the mayor's court is certified to by the clerk of the city, and the record of proceedings shows that the city of Greenwood has no regularly elected police justice, the mayor being *ex-officio* police justice.

The court below sustained this motion, granted appellee a peremptory instruction, and discharged him.

The first error assigned is the action of the court in sustaining the motion of appellee to exclude the evidence of the city; and the whole motion is based upon a misconception of the

scheme of the code chapter on municipalities with reference to municipal courts. The court established for hearing and deter-mining all violations of municipal ordinances is, by said chap-ter, a police court and not a mayor's court, this police court being presided over by a police justice. Code 1906, § 3398. The record was transmitted to the circuit court on appeal as provided by Code 1906, § 89, which provides that "the justice of the peace, or mayor, or police court   *   *   *   shall at once transmit   *   *   *   a certified copy of his record of the case, etc." Note that in such code section "the police court" is used instead of mayor's court or police justice's court as in Code 1906, § 85, which provides for appeal in civil cases. So in appeal from police courts the certified record shall be trans-mitted by the court and not by the police justice or mayor, and the clerk, being the clerical officer of this court and the cus-todian of the records, is the proper one to make certificate to the records in his custody.

*George Butler,* assistant attorney-general, on the same side.

In addition to what has been set forth by leading counsel for appellant in this case, see *Jones v. City of Greenwood,* 92 Miss. 329; *Spears v. Town of Osyka,* 46 South. 558.

In the *Spears case, supra,* the very point upon which the cir-cuit court below dismissed the prosecution was raised and fully discussed by counsel, but the court failed to respond to the argu-ment that such affidavits could not be made and the transcript certified by the clerk of the town, even though the case was tried before the mayor, and of course, that point went to the very vitals of the case; and if this could not be done, no legal conviction could ever be had in the circuit court. But what-ever might be the view on this point, the court below should have awarded a *certiorari,* when asked, for all of the papers and copies of the docket entries, etc., were before the court; and if appellee, whose duty it was to see that the transcript of the

record was sent up by the mayor, was satisfied to go to trial upon the one sent up, then he could not thereafter raise the point.   This is expressly held in the cases of *Calhoun v. State,* 86 Miss. 553; *Correrro v. State,* 50 South. 479; *Short v. State,* 82, Miss. 472.

*Gardner & Whitlington,* for appellee.

Under Code 1906, § 85, the clerk of the police court of the city of Greenwood had no authority to certify the record of proceedings before the police justice.   Hence the certification by the clerk was insufficient, and the court below properly granted the peremptory instruction asked by appellee.

MAYES, J., delivered the opinion of the court.

In the argument of this case we are invited to pass upon questions not necessarily involved in the decision.   We decline to discuss any question not essential to a disposition of this case, and confine ourselves to the single question.

Code 1906, § 85, provides that: "The justice of the peace, mayor, or police justice of any city, town, or village from whose decision an appeal shall be taken, shall at once transmit to the clerk of that court a certified copy of the record of the proceedings," etc.   This section clearly contemplates that the record shall be certified to by the justice of the peace, mayor, or police justice; and, this being the requirement of the statute, the certification by any other person does not answer the requirement of the statute.

The appeal was not certified to as required by law, and we think the action of the court below in dismissing the appeal proper, and the action of the court below in so holding is approved.                                    *Affirmed.*