## LULA ALLEN *v.* STATE.

[53 South. 498.]

1. CRIMINAL LAW. *Appeal. Certification of record.*

   Under Code 1906, § 85, providing that the police justice of any city from whose decision an appeal shall be taken shall at once transmit to the clerk of that court a certified copy of the records, such record must be certified to by the police justice himself and not by another.

2. SAME.

   If such record is not so certified the appeal must be dismissed subject to the right of the accused to perfect the record, if so desired.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Lula Allen was convicted in the circuit court on an appeal from a conviction in the police justice court of the city of Jackson for a violation of a city ordinance and appeals.

The facts are fully stated in the opinion of the court.

*Louis C. Hallam,* for appellant.

This case should be reversed because the transcript of the record (from the city police court) is certified to by A. P. Lusk, clerk, by T. J. Wharton; deputy clerk, and not by the police justice as required by law, and because the evidence fails to make out a case against the defendant. We have already referred to the failure of the city to make out a case. As to the failure of the police justice to certify to the record from his court, it is only necessary to quote the language of this court, as follows:

"Section 85, Code of 1906, provides that: 'The Justice of the peace, mayor or police justice of any city, town or village from whose decision an appeal shall be taken shall at once transmit to the clerk of that (the circuit) court a certified copy of the proceedings, etc. This section clearly contemplates that the record shall be certified to by the justice of the peace, mayor, or police justice; and, this being the requirement of the statute, the certification by any other person does not answer the requirement of the statute. The appeal was not certified to as required by law, and we think the action of the court in dismissing the appeal proper, and the action of the court below in so holding is approved."

*City of Greenwood* v. *Weaver,* 50 So. Rep. 981.

For the reasons stated, it is submitted that the court below erred in overruling appellant's motion for a new trial, and that the judgment should be reversed and the appellant discharged.

*Carl Fox,* assistant attorney-general, for appellee.

Counsel for appellant, after the city had rested its case, moved to exclude the evidence, and asked for a peremptory instruction for the defendant on the ground that, among other things, transcript of the record of the trial, of the proceedings in the police court was certified

by the deputy clerk, the certificate being signed A. P. Lusk, clerk, by T. J. Wharton, deputy clerk; and that under section 85, as construed in the *City of Greenwood* v. *Weaver,* 50 So. 981, the transcript should have been certified by the police justice.

If the court follows that case, then this defendant must go free, because it is exactly in point. I respectfully submit that that case is not the law. Section 1413 of the Code of 1906 is in part as follows:

"A person shall not be acquitted or discharged in a criminal case, before a verdict, for any irregularity or informality in the pleadings or proceedings."

Section 1968 of the Code of 1906 is as follows:

"All public officers in this state having the charge or custody of any public books, records, papers, or writings, are authorized to certify copies of the same, which copies shall be received in evidence in all of the cases where the original or sworn copy would be in evidence."

I do not see any reason why this section should not apply in the present case. Certainly, its language is broad enough to cover.

I respectfully submit that section 85 of the Code of 1906 does not contemplate, as was said in *Greenwood* v. *Weaver, supra,* "that the record shall be certified to by the justice of the peace, mayor, or police justice." Its language is that "the justice of the peace, mayor, or police justice . . . shall at once transmit to the clerk of that court a certified copy of the record of the proceedings." All that he is required to do by the statute is to "transmit a certified copy." In other words, since it is a record of his court, the law makes it his duty to see that a certified copy of the proceedings is filed in the circuit court. It does not require that he himself shall have certified to the copy which he files, and I respectfully submit that under section 1968 quoted above the clerk is the proper officer to make the certificate as if

it was made by the mayor, police justice, or justice of the peace.

McLAIN, C.

Lula Allen was convicted in the police justice court of the city of Jackson, for an alleged violation of the ordinances of the city of Jackson, for keeping for sale intoxicating liquors. From this judgment she appealed to the circuit court of the first district of Hinds county, Miss. At the June term, 1910, of said court, she was tried, convicted, and sentenced, and from this judgment she appeals to this court.

At the trial in the circuit court she offered no witnesses in her behalf; but, when the state had rested its case, she moved "the court to exclude the evidence of the city of Jackson, and instruct the jury to find the defendant not guilty, for the following reasons: Because the transcript of the record is certified by A. P. Lusk, clerk, by T. J. Wharton, deputy clerk, and not by the police justice, as required by the law, and because the evidence fails to make out a case against the defendant." This motion was overruled by the court, and the cause was submitted to the jury. When the defendant made the above motion, the court properly refused to instruct the jury to find defendant not guilty; but, after it was called to his attention that the record was not correctly certified to, he should have dismissed the case, for the want of jurisdiction of the matter.

Section 85, Code of 1906, provides that: "The justice of the peace, mayor or police justice of any city, town or village, from whose decision an appeal shall be taken, shall at once transmit, to the clerk of that court, a certified copy of the record of the proceedings, with all the original papers and process in the case, and the original appeal bond given by the appellant, and the clerk shall docket the same, and shall be entitled to the same fees, upon such appeals, as for similar services in suits

originating in said court. The justice, mayor, or police justice, of any city, town or village, shall, at all times, be allowed to amend his return according to the facts.'' This court, in passing upon this section in the case of *City of Greenwood* v. *Weaver,* 50 South. 981, speaking through Chief Justice Mayes, said: ''This section clearly contemplates that the record shall be certified to by the justice of the peace, mayor or police justice; and, this being the requirement of the statute, the certification by any other person does not answer the requirement of the statute.''

The appeal from the police justice of the city of Jackson, to the circuit court, was not certified to as required by law. We think, for this reason, this case should be reversed and remanded, with instruction that the defendant be permitted to perfect the record, if she desires to do so.          *Reversed and remanded.*

PER CURIAM. For reasons set forth in the above opinion by the commissioner, the case is reversed and remanded.