EX PARTE CLARA BEAL STANFIELD, a minor, by MRS. E. D. STANFIELD ET AL., next of kin.

[53 South. 538.]

1. CODE 1906, §§ 506, 507. *Decree in vacation. Power to vacate.*

Chancellors have no power to set aside and vacate in term time a decree made in vacation, removing disabilities of minority. Code 1906, § 507, confers upon chancellors the power to make and enter a decree removing disabilities of minority in vacation as fully as he could do in term time and section 506 provides for the entry of · such decree on the minute books of the court in which the case is tried and that they shall have the same force and effect as if entered and recorded in term time, and appeals may be had therefrom as in other cases.

2. SAME.

Such decrees when signed by the chancellor and delivered to the clerk to be entered are beyond recall and stand as if made during a term of court and court had adjourned.

APPEAL from the chancery court of Holmes county.
HON. J. F. McCOOL, Chancellor.

Application by Clara Beal Stanfield, a minor, by E. D. Stanfield and others, next of kin, for removal of disabilities of minority. From a decree in term time vacating a decree of partial removal made in vacation, appellant appeals.

The facts are fully stated in the opinion of the court.

*Tackett & Elmore,* for appellant.

While there are a number of assignments of error in the record to the action of the court below, the substance of the whole may be stated briefly.

We venture to state the proposition thus:

"Has the chancellor sitting in term time the legal power to set aside and vacate two several decrees of dif-

ferent dates, removing the disabilities of a minor in part, which decrees have been granted by the chancellor in vacation in conformity to the statute and prior to the term, upon the informal application of the guardian to have such decree annulled and vacated, and of which application no notice has been given to the minor, nor to her surviving parent, nor to any one who was a party to the petition and decree removing the minor's disabilities, nor to any one else whose rights would be prejudiced by such action of the court, and that, too, upon incompetent testimony of whose taking no notice had been given?'' We affirm that no such power is vested in the chancery court either at common law or by statute, and that, in consequence, the decree rendered by the chancellor at the May term, last, and of which we complain, is absolutely void.

With some few exceptions, inherent in the nature of the court, the basis of chancery jurisdiction in this state has always been in the Constitution; with some few exceptions of the same character, the basis of its procedure has lain in the statute. This is true even when the statute adopts the common law procedure.

Much of its present jurisdiction was unknown to the common law; most of the statutory procedure is adopted from the common law; where the procedure varies from the common law, or provides for the additional jurisdiction unknown to the common law, it is of equal and binding force on the court.

There can be, surely, no decree nor distinctions in the exercise by the court of any of its several constitutional powers, nor can any one of them be said, with reason, to be of inferior order or lower in dignity to any one other.

Any branch of the general constitutional jurisdiction of a court of record of recognized general jurisdiction is general jurisdiction. See *Ames* v. *Williams,* 72 Miss. 770.

The rules governing its exercise must accordingly be the same. *Ibid.*

Much of this general jurisdiction is exercised by the chancellor in person in vacation or at chambers as distinctive from his action in term. Its constitutional validity is not questioned.

Our contention is that this status is exactly that of all other decrees of the chancery court, which are final in their nature, with all the incidents that attach to such decrees, and are beyond the power of the chancery court, or any other court, to controvert, contravene, alter, amend, vacate, annul or modify in any respect, except as provided by law and in the manner provided by law.

A final decree, as I understand the term, as distinguished from other decrees, is that nothing remains to be done by the court in that particular proceeding for the relief of the relator, though ministerial agencies may be put in motion thereby. *Humphries* v. *Stanford,* 71 Miss. 135.

Irregularities in the proceedings do not render the order or decree removing the infant's disabilities a nullity, nor is such order or decree subject to collateral attack. 22 Cyc., page 519, latter part par. C. Also see whole par. C., pages 518-519.

This rule, *pari passu,* must apply to a partial removal of disabilities, as in the case now before the court.

*Marks* v. *McElroy,* 67 Miss. 545, is cited in the notes in connection with the general text of par. C. above.

If this action of the chancellor in vacation is to be construed as that of a limited court, as said in *Marks* v. *McElroy, ante,* then the two decrees are protected by the doctrine applied to those courts. *Sagory* v. *Bayless,* 13 Smedes & Mar. 153; *Hardy* v. *Gholson,* 26 Miss. 72; *Ward, Admr., etc.* v. *State,* 40 Miss. 108.

*Wiggle* v. *Owen,* 45 Miss. 693 (delivered after probate courts had passed out of existence), and citing *Sagory* v. *Bayless,* and *Hardy* v. *Gholson,* as settling princi-

ple as to probate courts. *Harvey* v. *Miles,* 1 Miss. Dec. 135, and notes.

This is true, also, as to boards of police or supervisors. *Carroll* v. *Board of Police,* 6 Cush. 48.

This is, measureably, true even of a justice of the peace. *Leavenworth* v. *Crittenden,* 62 Miss. 573; *Swain* v. *Gilder,* 61 Miss. 667.

As to the status of the decree of the chancery court, or that of the chancellor, when synonymous with the court, and the manner of calling such decree in question, there is but one voice in the long line of our supreme court opinions. *Hoggatt* v. *Hunt,* Walker 216; *Hardy* v. *Gholson,* 4 Cush. 72; *Sagory* v. *Bayless,* 13 S. & M. 153; *Bank* v. *Lewis,* Id. 226; *Enoch* v. *Harrellson,* 57 Miss. 468, by Mr. Justice Campbell, who cites Justice Story, who cites Bacon's Ordinances as the foundation of the rule. *Hall* v. *Weddill,* 78 Miss. 43; *Armstead* v. *Barbee,* 82 Miss. 792; also 16 Cyc. 505, par. B, 507, 512, 521, par. 6, 523, 526, § 9, 532, par. d.

It can be called in question only by appeal, by bill of review, or in the nature of review for fraud.

This rule only applies in favor of a party to the suit, or a privy thereto, nor he, unless injuriously affected. Authorities above.

Our court long since held that a decree of the previous term could not be set aside on motion or petition. *Wiggle* v. *Owen,* 45 Miss. 693 and authorities there cited; *Harvey* v. *Miles,* 1 Miss. Dec. 135 and note.

The same principle applies to the law courts. *Railway Co.* v. *Bolding,* 69 Miss. 255.

In effect, also, to the supreme court. *Lane* v. *Wheeless,* 46 Miss. 666; *Leblanc* v. *Railroad Co.,* 73 Miss. 463.

*Boothe & Pepper,* for appellee.

We contend that these decrees were absolutely null and void, because they were made in vacation.

If the chancellor had been authorized by law to render the decrees in vacation, they would have been inoperative and of no effect, because, the usual forms and safeguards of law were not observed, and said decrees contain stipulations and conditions not provided for or contemplated by law.

If the decrees rendered, can be sustained by any sort of construction of the law, as having been properly rendered in vacation, they were interlocutory and might be modified or vacated by the court at any time before the final decree confirming the partition is rendered. *Sweatman* v. *Dean,* 86 Miss. 641.

The decree would have been void if rendered in term time because, the appellee, J. R. Watson, guardian, had no notice of the proceeding as a party thereto. Section 3522, Code of 1906.

The decrees are void, because they seek to do indirectly what cannot be done except, in the mode and manner provided by law, that is to say, they provide for the absolute and complete divestiture of the real estate of the ward from the guardian; and in effect take from him a large part of the personal estate of his ward without notice, and without observing the requirements of law. Sections 2442 and 2444, Code 1906.

The power conferred by our Code upon the chancery court to remove the disabilities of minors is not judicial in its character. The relief sought is private in its character affecting no right of others; the privilege and the method of availing of it and creating and defined by the statute, and the proceedings are valid only when in conformity to its regulations. *Marks* v. *McElroy,* 67 Miss. 547. As to requirements when land of ward is sold by guardian, see section 2422, Code 1906; *Temple* v. *Hammock,* 52 Miss. 360.

Anderson, J., delivered the opinion of the court.

The chancellor made two decrees in vacation on two separate days for the partial removal of the disability of minority of the appellant, Clara Beal Stanfield, in order to enable her to settle certain conflicting claims with her mother and half-sister in the lands inherited by them from the husband and father, and to sell and convey her interest in such lands. At a term of the court subsequent to the making of these vacation decrees, the chancellor, at the instance of the guardian for said minor, heard testimony tending to show that such vacation decrees should not have been entered, and thereupon a decree in term time was entered, setting aside and vacating such vacation decrees, from which last decree, said minor, by her next friends, her mother and uncles, prosecutes this appeal.

The single question for decision is whether the chancellor, in term time, has the power to set aside and vacate a decree, made in vacation, removing disabilities of minority. Section 507, Code 1906, expressly confers on chancellors, among other powers, that to make and enter decrees in vacation "for the removal of disabilities of minority," and provides that they are "to exercise all powers in such matters that could be done by them in term time;" and section 506 provides that "orders and decrees, which a chancellor may make in vacation, shall be entered and recorded on the minute book of the court in which the cause or matter is pending, and shall have the same force and effect as if made, entered and recorded in term time, and appeals may be had therefrom as in other cases." By the very terms of the statute itself such decrees are final, and the remedy of a complaining party is by appeal. They are not vacation decrees, which must be approved in term time, like the clerk's order at rules. All final decrees made in term time remain in the breast of the chancellor until the adjournment, and

may be amended or vacated at any time during the term, but not afterwards. Final decrees made in vacation, where authorized by law, when signed by the chancellor and delivered to the clerk to be entered, are beyond recall, and stand as if made during a term of court, and court had adjourned.

*Reversed, and decree here for appellant, setting aside the decree in term time, vacating the vacation decrees.*