## A. D. ANDERSON v. H. McINNIS ET AL.

[56 South. 170.]

CHANCELLORS. *Decree. Amendment. Vacation.* Code 1906, §§ 506, 507 *and* 1016.

Under Code 1906, § 506, so providing, "A chancellor may deliver opinions and sign decrees in vacation, in cases taken under advisement in term time, and by consent of the parties may try cases and sign decrees therein in vacation, which decrees shall be recorded on the minute book and have the same effect as if made and recorded in term time, being appealable as in other cases." *Held*, that under the terms of this statute, all decrees authorized by it to be entered are final decrees and are to be given the same effect as if rendered during a term of court and after the adjournment of the court are beyond the power of the chancellor to recall or modify, except for fraud or in accordance with section 1916, permitting the amendment of a decree where it may be safely done from the record to correct a mistake, miscalculation or misrecital of any sum, quantity or name.

APPEAL from the chancery court of Jones county.

HON. SAMUEL WHITMAN, JR., Chancellor.

Suit by H. McInnis et al. against A. D. Anderson. From a decree amending a final decree rendered in vacation, defendant appeals.

The facts are as follows:

The case was heard by agreement in vacation, and the chancellor outlined his opinion to counsel, who prepared a decree and sent it to the chancellor for signature. It was duly signed by the chancellor and placed of record by the clerk in the minutes of the court. At the next term of the court, the appellees here, who were complainants in the court below, filed the following motion: "Now come the complainants in the above-styled cause and move the court to modify the decree entered in vacation in the above-styled cause, and for grounds for said motion say that the decree as entered on the vacation min-

utes does not represent the true decree of the court, in that, in the decree as entered on the minutes, defndant, A. D. Anderson, is given credit for one hundred dollars for four houses, which he claims that plaintiff sold to him, but which he did not get, when as a matter of fact the chancellor did not intend to give Anderson, the defendant herein, credit for the said one hundred dollars, and that the amount given by said decree to complainants should be increased by the sum of one hundred dollars.'' The chancellor modified the vacation decree in compliance with the prayer of said motion, and from this decree an appeal is taken.

*Hardy* and *Arnold,* for appellant.

This decree having been signed and entered on the minutes of the court, the situation was the same as though it had been entered in term time and the court adjourned and the court had attempted at a subsequent term to enter an order amending the decree rendered in the cause. When the court has adjourned its power of judgments and decrees cease. *Railway Co.* v. *Bolding,* 69 Miss. 255; *Arthur* v. *Adams,* 49 Miss. 404; *Wiggle* v. *Owen,* 45 Miss. 691.

This decree had the same effect and force as if made in term time and the court had no power or authority to disturb it.

As decisive of this matter we submit that the case of *Ex parte Stanfield,* 53 So. 538, settles the question. In this case this court in passing on the identical question here presented said: ''By the very terms of the statute itself such decrees are final, and the remedy of the complaining party is by appeal. They are not vacation decrees which must be approved in term time, like the clerk's order at rules. All final decrees made in term time remain in the breast of the chancellor until the adjournment, and may be amended or vacated at any time during the term, but not afterwards. Final decrees made

in vacation, where authorized by law, when signed by the chancellor and delivered to the clerk to be entered, are beyond recall, and stand as if made during a term of court, and the court had adjourned." We submit that the case last cited above settles this question. The chancellor signed the decree and it was delivered to the clerk to be entered and was entered. There the power of the chancellor ended. He had no power or authority to do anything with the decree whatever. In assuming to act, his action was absolutely void. Then, we further submit that even had the court had any authority to do any act that he would have had no power to do so without giving notice to the appellant.

We think that the decree rendered on January 3, 1911, in this cause was void and of no effect and that the same should be vacated and set aside and the original decree rendered on the 28th day of August, A. D. 1910, should be reinstated as the decree in this cause and if the appellee has any complaint of that decree his remedy is by appeal from it.

For these reasons we submit that this cause should be reversed and said decree of August 28, 1910, reinstated and the decree of January 3, 1911, vacated.

*Deavours & Shands,* for appellees.

In the outset, we desire to call to the court's attention the fact that this is not a case where the court, at a subsequent term, attempted to modify or change a decree rendered in vacation, because the chancellor changed his mind in regard to the merits of the case. For the purpose of this argument and for that purpose only, we concede that the chancellor, after he renders a final decree in vacation; has no right to change that decree at a subsequent term of the court; but in this case, the court never rendered but one decree, but the chancellor inadvertently signed a decree which did not embody the true decree of the court; that is, that two decrees were pre-

sented to him and through a mistake of fact, he signed the wrong decree; that is, a mistake of fact as to the paper signed by him, and not as to the facts of the case. When the chancellor realized that he had made this mistake, on motion of appeals herein, he simply directed that the decree as entered on the vacation minutes, be modified so as to conform to the decree which he had directed solicitors for the appellant to prepare.

We call to the court's attention that on the motion, no evidence was introduced in regard to the facts of the case; no further testimony of any kind was taken in regard to that, nor was additional authorities of law cited by counsel, but the motion was purely and simply for the court to have entered on the minutes, the true decree of the court, being the decree that the chancellor intended to sign, and which he thought he had signed.

We do not think that the cases of *Railway Company* v. *Bowling,* 69 Miss. 255; *Arthur* v. *Adams,* 49 Miss. 404; *Wiggle* v. *Owen,* 45 Miss. 691, are in point, for in all of these cases, judgment or decree was rendered in term time. And at a subsequent term of the court, effort was made to have the court change the decree rendered at the preceding term. This, we all concede, under the circumstances of these cases, could not be done. The changes sought to be made in the judgment or decrees in the above suits, were changes arising from the facts of the case, or changes which should be made because the court erred in regard to the law involved in the cases. In all of those cases, proper remedy was by appeal But we submit that the change which the chancellor made in the decree in the instant cases, was not made by him on account of the change of his opinion in regard to the law, or a change of his opinion in regard to the facts of the case, but was made because through a mistake, he did not sign the proper decree. Solicitors for the appellant having submitted to him a decree different from the decree directed by him to be drawn.

We do not think the case of *Ex parte Stanfield*, 53 Miss. 598, on which appellant rests his case is an authority in this case, because section 507 of the Code authorizes the chancellor to render decrees in vacation in minors business, and this in express terms. The court in the Stanfield case says: "The single question for decision, is whether the chancellor in term time has the power to set aside and vacate a decree made in vacation removing the disabilities of minority." That the court has not such authority, was decided in that case, and that was all that the court decided, for the court says that was the single question for decision.

Every one concedes that where the court renders a decree in term time, that at any time before the adjournment of the court, after the decree had been entered on the minutes, the chancellor has the authority to change or modify or rescind the decree so entered. A decree may be rendered on the first day of the term, the court may be in session for several weeks, and at any time before final adjournment, the court may modify and change this decree; this too, where the parties have a chance to see the decree before the same is entered on the minutes. A vacation decree drawn by solicitors for the successful party, not having been submitted to the solicitors for the unsuccessful party, when signed by the chancellor and entered on the vacation minutes, according to appellant's view, cannot at any time be changed or modified, however erroneous it may be. In reason, we do not see why there is anything more sacred or solemn about a decree rendered in vacation, than about a decree rendered by the chancellor in term time. We do not think it can be the purpose of the Code sections to make it unlawful for the chancellor to correct and to modify a decree rendered in vacation, which the parties have not had a chance to examine, before the same is enrolled on the vacation minutes, and yet hold that the chancellor can modify and alter a decree rendered during

term time, which decree, may have been on the minutes for many days before the final adjournment, just so such modification or amendment is made prior to the final adjournment.

Mayes, C. J., delivered the opinion of the court.

Section 506 of the Code on 1906, vests the chancellor with power to deliver opinions and to make and sign decrees in vacation in cases taken under advisement by him at a term of court; and by consent of parties, or their solicitors of record, he is given power in vacation to try cases and deliver opinions, and make and sign decrees therein. Such decrees, and all other orders and decrees which the chancellor may make in vacation, are required to be entered and rendered on the minute book of the court in which the cause or matter is pending, and are given the same force and effect as if made, entered, and recorded in term time, and appeals may be prosecuted therefrom as in other cases. In the case of *Ex parte Stanfield,* 53 South. 538, this court held that "final decrees made in vacation, where authorized by law, when signed by the chancellor and delivered to the clerk to be entered, are beyond recall, and stand as if made during the term of court and court had adjourned." In other words, in construing section 507 of the Code, dealing with vacation powers, this court held that under the terms of the statute all decrees authorized by it to be entered are final decrees, and are to be given the same effect as if rendered during a term of court. What was said by the court in construing section 507 applies to section 506 with like effect. In view of the above decision, it follows that when the decree in this case was signed by the chancellor, and entered on the minutes of the court by the clerk, it was a final decree, beyond the power of the chancellor to recall or modify, except in the manner authorized by section 1016, Code of 1906, or on the ground of fraud.

The judgment in this case is not sought to be changed in either of the ways indicated. The decree was rendered in August, 1910, and in January, 1911, a motion is made to change the decree. On this motion no proof of any kind is offered to show fraud. The basis of the motion is that the decree entered does not represent the true decree of the court. It is not alleged in the motion that the decree was erroneously entered by the clerk, or changed in any way by him; but the motion asserts that the mistake, if mistake there was, was the mistake of the chancellor in not making the decree he intended to make. No decree of this character can be modified or changed by a simple motion. Such a decree is a finality, and, if impeached, it must be for some stronger reason than that indicated by this record and in a different way. No mere motion, asking for a change in the decree on the ground that it was not intended to be rendered by the chancellor, the motion being unsupported by any kind of contrary proof or showing, can suffice.

The case of *Wilson* v. *Town of Hansboro,* 54 South. 845, is a very different case from the one presented by this record. In the Wilson case it was sought to have the court correct a judgment rendered at a former term, not because the court had made any mistake about it, but because the clerk had entered a judgment the reverse of that which the court had directed to be entered. In other words, the question in that case was whether or not the judgment which the court actually rendered should prevail, or the judgment erroneously entered by the clerk and not authorized by the court; and this court held that the actual judgment of the court should prevail, as a matter of course, and directed that the judgment of the court below should be entered on the minutes in lieu of the unauthorized judgment entered by the clerk. Under the facts presented by this motion, the court was without power to make any change in its decree.

*Reversed and remanded.*