YOUNG *v.* STATE.*

(Division B. Sept. 21, 1925.)

[105 So. 461. No. 24865.]

1. CRIMINAL LAW. *Indictment and information. Circuit court has no original jurisdiction to try misdemeanor, except on indictment by grand jury; on failure to show indictment for misdemeanor, and on showing by record that there was no trial in justice court, with proper appeal proceedings, conviction will be reversed.*

A circuit court has no original jurisdiction to try a misdemeanor, except by indictment of a grand jury, and where no indictment is shown in the record, but on the contrary an affidavit, and where the record shows that there was no trial in the justice court, with proper appeal proceedings, the judgment of conviction will be reversed.

2. CRIMINAL LAW. *Indictment and information. Justice of the peace has no authority to waive trial for misdemeanor and bind ac-*

*cused over to await action of grand jury, unless charge pre-*
*ferred may be punished as felony under certain conditions; if ac-*
*cused is bound over to await action of grand jury, instead of trial*
*by justice of peace, circuit court cannot proceed for misdemeanor*
*on affidavit filed before justice of peace.*

A justice of the peace has no authority to waive a trial for mis-
demeanor and bind the defendant over to await the action of the
grand jury, unless the charge preferred may be punished as a
felony under certain conditions; and where a defendant is bound
over to await the action of the grand jury, instead of being tried
a circuit court cannot proceed on the affidavit filed before the
justice of the peace.

---

*Headnotes 1.   Criminal Law, 17 C. J., Section 3750;  Indictments
and Informations, 31 C. J., Section 20;  2. Criminal Law, 16 C. J., Sec-
tion 600 (Anno).

APPEAL from circuit court, of Monroe county.
HON. C. P. LONG, Judge.

Wylie Young was convicted of trespass to real estate,
and he appeals.  Reversed and remanded, with directions.

*W. H. Clifton,* and *W. A. Blair,* for appellant.

*Leftwich & Tubb* and *J. L. Byrd, Assistant Attorney-
General,* for the state.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was tried in the circuit court on charge
of trespass to real estate, convicted, and sentenced to
ninety days in jail and fined two hundred and fifty dollars
and costs.  The case was tried in the circuit court on an
affidavit, and not on an indictment.  The record as origi-
nally sent up contained no transcript from the justice of
the peace, and contains no appeal bond or affidavit in lieu
thereof.  The only thing in the record is a judgment of
the justice court, imposing a fine of fifty dollars and costs,
and that the defendant prays an appeal and entered into
bond, fixed on approval at five hundred dollars.  The tran-

script then recites: "This same judgment in the other case and all tried the same day. He was fined fifty dollars in the two charges of theft, and waived examination of the criminal trespass, and entered into bond to appear at the next term of the circuit court, and also the action of the grand jury."

The justice of the peace was introduced on trial and testified: "Well, he was indicted in the court for cutting timber on the land, and when I had him arrested and brought up for trial, he did not deny having cut the timber. He didn't deny having been upon the land, and, in fact, didn't deny any of the charges, so we didn't try him any further. I just fined him fifty dollars in two cases and bound him over in one."

It now appears that he was fined in two cases for theft, and bound over to the grand jury for trespass.

Section 89, Code of 1906 (Hemingway's Code, section 71), requires a transcript of the proceedings before the justice of the peace to be certified to the circuit court, together with bond for appeal. In *Hughston* v. *Cornish,* 59 Miss. 372, it was held that the record required to be transmitted by this section is a copy of the justice's docket entries and judgment. In *Ball* v. *Sledge,* 82 Miss. 747, 35 So. 214, it was held that the circuit court had no jurisdiction of an appeal taken from a justice of the peace, unless the record shows that a judgment was rendered by the justice of the peace and an appeal bond executed.

This being true, it appears in the present case that there was no transcript showing a conviction by the justice of the peace of the offense charged in the affidavit, and the circuit court consequently did not have jurisdiction of the case by appeal. There was no indictment by the grand jury, and the circuit court did not obtain jurisdiction of the offense by indictment. The circuit court cannot proceed originally in misdemeanor cases without an indictment. It does not, therefore, appear that the circuit court had jurisdiction of the offense, and jurisdic-

tion is essential, and this court will reverse, where it appears that the court below did not have jurisdiction.

The judgment will therefore be reversed, and the case remanded, with directions to the court below to issue a writ of *procedendo* to the justice of the peace.

*Reversed and remanded.*