JEFFRIES v. STATE.

(Division A.   March 7, 1927.)

[111 So. 576.   No. 26353.]

CRIMINAL LAW.   *Circuit court is without jurisdiction of appeal from justice court, in absence of properly certified record (Hemingway's Code, section 71).*

Circuit court is without jurisdiction to try cause appealed from justice of the peace court, where record of appeal *from such court is not certified in accordance with Hemingway's Code, section 71 (Code 1906, section 89), and judgment therein rendered by circuit court is void.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 373, n. 8; p. 374, n. 22 New.

APPEAL from circuit court of Tallahatchie county, Second district.

HON. J. W. BARBEE, Special Judge.

J. T. Jeffries was convicted of having a less quantity than one quart of whisky, and he appeals.   Reversed and remanded.

*John W. Crisler* and *Chas. W. Crisler*, for appellant.

*Rufus Creekmore*, Assistant Attorney-General for the state.

McGOWEN, J., delivered the opinion of the court.

The appellant, J.. T. Jeffries, was tried before J. W. Roundtree, a justice of the peace in and for Supervisors' district No. 4 of Tallahatchie county, Miss., on a charge of possessing more than one quart of intoxicating liquors, and was there convicted.   From that conviction he appealed to the circuit court, where he was again convicted

of having a less quantity than one quart of whisky, and was sentenced to pay a fine of one hundred dollars and serve a term of thirty days in the county jail.

The point is again made here that a transcript of the record of appeal from the justice of the peace court was not certified up to the circuit court in accordance with section 71, Hemingway's Code (section 89, Code of 1906).

The only certificate the justice of the peace took pains to send up was a certificate that his cost bill was correct.

We have repeatedly held that, where the transcript of a docket and the papers are not certified in accordance with the above section, the circuit court is without jurisdiction to try the cause, and the judgment there rendered is void.

Likewise, we have no jurisdiction; and for that reason the case must be reversed and remanded. *McPhail* v. *Blann* (Miss.), 47 So. 666; *Cawthon* v. *State,* 100 Miss. 834, 57 So. 224; *Allen* v. *State,* 98 Miss. 192, 53 So. 498; *Xydias* v. *Pellman,* 121 Miss. 400, 83 So. 620; *Rodgers* v. *Hattiesburg,* 99 Miss. 639, 55 So. 481; *Greenwood* v. *Weaver,* 96 Miss. 604, 50 So. 981; *Brasham* v. *State,* 140 Miss. 712, 106 So. 280; *Young* v. *State,* 140 Miss. 165, 105 So. 461; *Salers* v. *State* (Miss.), 107 So. 375; *Cook* v. *State* (Miss.), 110 So. 443; *McLain* v. *State* (Miss.), 110 So. 441.

*Reversed and remanded.*