CLARK *v.* STATE.[*]

(Division B.   May 7, 1928.)

[116 So. 878.   No. 26986.]

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 370, n. 37; p. 371, n. 54.

*Belk & Belk,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

PACK, J. Appellant appeals from a conviction and sentence by the circuit court of Marshall county of unlawfully carrying concealed a deadly weapon. The case originated in a justice of the peace court on affidavit. After verdict, and before sentence in the circuit court, a motion in arrest of judgment was filed on the ground that the circuit court had no jurisdiction, for the reason that no judgment had been entered by the justice of the peace.

The action of the circuit court in overruling this motion is assigned as error.

The transcript of the record of the justice of the peace shows what was probably considered as a judgment. It reads as follows:

"Other proceedings in full. This day this cause coming up for trial all parties answer ready. The affidavit was read to Jim Clark, Jr., plead not guilty, waive examination and take appeal to the next circuit court with Jim Clark and J. B. Barnett on the bond. This 10th day of October, 1927.

"H. L. GORDON, Justice of the Peace."

The jurisdiction of the circuit court over appeals from a justice of the peace court is conditioned upon the rendition of judgment by such justice of the peace and the

execution of an appeal bond. *Ball* v. *Sledge,* 82 Miss. 747, 35 So. 214; *Young* v. *State,* 140 Miss. 165, 105 So. 461.

It conclusively appears that the justice of the peace in this case rendered no judgment, but permitted the appellant to "waive examination." The circuit court was without jurisdiction.

The judgment is reversed and the cause remanded, with directions to the court below to issue writ of *procedendo* to the justice of the peace.

*Reversed and remanded.*