JONES *v.* STATE.

(En Banc. Oct. 7, 1929.)

[123 So. 882. No. 28075.]

**J. S. McGuire**, of McComb, for appellant.

James **W. Cassedy, Jr.,** Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a conviction in the circuit court in a case appealed thereto from the court of a justice of the peace. We are requested by the appellee, by proper

motion, to dismiss the appeal; the ground of the request being that the record transmitted by the justice of the peace to the circuit court, and on which the case was there tried, is so imperfect as to confer no jurisdiction on the circuit court.

There are two lines of decisions as to what disposition an appellate court should make of a case appealed thereto from an inferior court which was without jurisdiction to try and dispose thereof. According to one of these lines of decisions, the appellate court is without jurisdiction to entertain the appeal, and should dismiss it. According to the other and more numerous line of decisions, the appellate court should reverse the judgment appealed from, and either dismiss the case or remand it for further proceedings in accordance with its opinion. 3 C. J. 366; 2 R. C. L. 33.

Both of these courses have been pursued by this court, one of which, of course, is wrong, for the same rule should be applied in all cases of that character. In a long line of decisions, beginning with Crapoo v. Town of Grand Gulf, 9 Smedes & M. 205, this court reversed judgments of lower courts which they were without jurisdiction to render, and either dismissed the cases, or remanded them to the lower courts, as the necessities of the various situations required. In a large number of these cases including the one just cited, the defects in the records transferred from the justice of the peace to the circuit court were similiar to the defects alleged to exist here. Among these cases are Sagory v. Bayless, 13 Smedes & M. 153; Wiggle v. Owen, 45 Miss. 691; Andrews v. Wallace, 72 Miss. 291, 16 So. 204; Allen v. State, 98 Miss. 192, 53 So. 498; Ex parte Stanfield, 98 Miss. 214, 53 So. 538; Rodgers v. City of Hattiesburg, 99 Miss. 639, 55 So. 481; Anderson v. McInnis, 99 Miss. 823, 56 So. 170; Cawthorn v. State, 100 Miss. 834, 57 So. 224; Beard v. McLain, 117 Miss. 316, 78 So. 184; Xydias v. Pellman,

121 Miss. 400, 83 So. 620; Yazoo & M. V. R. Co. v. Lawler, 130 Miss. 421, 94 So. 219; Callicott v. Horn, 137 Miss. 693, 102 So. 850; J. J. Newman Lumber Co. v. Pace, 137 Miss. 504, 102 So. 570; Young v. State, 140 Miss. 165, 105 So. 461; Brasham v. State, 140 Miss. 712, 106 So. 280; Salers v. State, 142 Miss. 88, 107 So. 375; Galloway v. State, 144 Miss. 696, 110 So. 665; McLain v. State, 145 Miss. 210, 110 So. 441; Jeffries v. State, 146 Miss. 467, 111 So. 576; Clark v. State, 150 Miss. 759, 116 So. 878.

The cases decided by this court wherein the appeals thereto were dismissed for want of jurisdiction in the lower court to render the judgment appealed from, that have been called to our attention, are Gardner v. R. R. Co., 78 Miss. 640, 29 So. 469; Ball v. Sledge, 82 Miss. 747, 35 So. 214; Ruff v. Montgomery, 83 Miss. 184, 35 So. 465; Rayborn v. Cothern (Miss.), 43 So. 70; McPhail v. Blann (Miss.), 47 So. 666; Murphy v. Hutchinson (Miss.), 47 So. 666; Johnson v. Marshall (Miss.), 48 So. 182; Humphreys v. McFarland (Miss.), 48 So. 182.

Returning now to the case at bar: Should we dismiss this appeal the judgment of the court below will remain in force, subject to whatever relief the appellant could obtain therefrom by means of a collateral attack thereon, and this court would thereby fail to discharge its duty to review final judgments rendered in the courts below, and to affirm or reverse them; one ground for the reversal thereof being want of jurisdiction in the court in which the case was tried to render the judgment appealed from.

The cases hereinbefore cited, and any others of like character that may have been here overlooked, holding that appeals from judgments rendered by courts below without jurisdiction so to do should be dismissed, are hereby overruled, and the motion here under consideration will also be overruled.

Motion overruled.

## ON THE MERITS.

**Griffith, J.,** delivered the opinion of the court.

For the reason stated in the opinion of the court in banc (123 So. 882) in this case on the motion to dismiss the appeal, the judgment is reversed and the case remanded.

Reversed and remanded.