TRAVILLION *v.* STATE.

In Banc. April 11, 1949.

(39 So. (2d) 773)

**Garth & Cassedy,** for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

**Roberds, J.**

Appellant was convicted in a justice of the peace court of the unlawful possession of intoxicating liquor. He appealed to the circuit court, where he was again convicted, from which he appeals here.

On this appeal, he raises the point, for the first time, that the circuit court had no jurisdiction for the reason the transcript of the proceedings in the justice of the peace court, filed in the circuit court, was not authenticated by the certificate of the justice of the peace.

▇▇ This Court, in a number of cases, has held that the certificate is essential to vest the circuit court with jurisdiction. Sections 1199 and 1200, Code 1942; McPhail v. Blann, Miss., 47 So. 666; Murphy v. Hutchinson, 93 Miss. 643, 48 So. 178, 21 L. R. A., N. S., 785, 17 Ann. Cas. 611; City of Greenwood v. Weaver, 96 Miss. 604, 50 So. 981; Allen v. State, 98 Miss. 192, 53 So. 498; Rodgers v. City of Hattiesburg, 99 Miss. 639, 55 So. 481; Salers v. State, 142 Miss. 88, 107 So. 375; Jones v. State, 155 Miss. 364, 123 So. 882, 124 So. 374; Lee v. State, 190 Miss. 877, 1 So. (2d) 492, 2 So. (2d) 148. Other cases might be cited.

Lack of jurisdiction in the lower court can be raised for the first time here. Rodgers v. City of Hattiesburg, supra.

The State cites Calhoun v. State, 86 Miss. 553, 38 So. 660, holding that under the same state of facts presented by this record, the defendant could not, for the first time, avail in this Court of the failure of the justice of peace to authenticate his record. However, it is pointed out in Rodgers v. City of Hattiesburg, supra, that the Calhoun case had later been overruled.

The writer desires to say that, as an original proposition, he would have been in accord with the rule announced in the Calhoun case. However, the rule is otherwise and is binding until and unless the cases announcing it are overruled.

The judgment of the circuit court is reversed, and the case is remanded, with directions to that court to dismiss the appeal to it and award a writ of procedendo to the justice of the peace court to enforce its judgment, unless the appellant shall perfect the record of the proceedings from the justice of the peace court.

Reversed and remanded.