303 So.2d 476 (1974)
Archie BURCHAM et al.
v.
ESTATE OF Elisha BURCHAM, Deceased, and Ruby Lee Burcham, Administratrix.
No. 47763.
Supreme Court of Mississippi.
November 4, 1974.
Rehearing Denied December 9, 1974.
*477 Parker, Averill & Winston, Bramlett & Mounce, Tupelo, for appellants.
Dudley R. Carr, Tupelo, for appellees.
SMITH, Justice:
The proceedings, out of which the present appeal arises, were begun in the Chancery Court of Lee County by appellee, Ruby Lee Burcham, who tendered for probate, in common form, a document purporting to be the true last will and testament of her deceased father, Elisha Burcham. The instrument bore signatures purporting to be those of the testator, and of H.A. Boren and Mrs. H.A. Boren, the two latter as attesting witnesses. Filed with the will were two affidavits. In one of these, affiant made oath that the signature of Elisha Burcham, affixed to the will as testator, was his genuine signature and that on the date of the will he had been of sound mind. In the other, affiant swore that the signature H.A. Boren, attesting witness, was his genuine signature, H.A. Boren then also having been deceased. Mrs. H.A. Boren, the other witness, according to the record, was alive and resided in Hinds County, Mississippi, but neither her affidavit nor her testimony was offered, and there was no proof of her signature.
Thereafter, a caveat was filed by several of the heirs at law of Elisha Burcham, challenging the validity of the purported will. It was alleged that: (1) the will was the product of undue influence brought to bear upon testator by proponent, who occupied, it was said, a position of trust and confidence, vis a vis her father, Elisha Burcham, and, (2) that Elisha Burcham had lacked testamentary capacity at the time of the alleged execution of the will.
The case came on for trial, a jury was empaneled, proponents introduced the record of the probate of the will in common form, and rested.
Whereupon, contestants moved to exclude the evidence offered by proponents and for a decree in their favor.
The chancellor took this motion under advisement, discharged the jury and requested that counsel file briefs. He recessed the case for four days, stating that at the expiration of that period, he would render his opinion.
Contestants then renewed their motion and also rested.
On October 11, 1972, the chancellor rendered his opinion.
In it, he noted that proponents relied upon Mississippi Code 1942 Annotated section 507:
On the trial of an issue made up to determine the validity of a will which *478 has been duly admitted to probate, such probate shall be prima facie evidence of the validity of the will.
Contestants, he said, contended that the issue was governed by Mississippi Code 1942 Annotated section 498, which is as follows:
The due execution of the will, ... must be proved by at least one of the subscribing witnesses, if alive and competent to testify; but if none of the subscribing witnesses can be produced to prove the execution of the will, it may be established by proving the handwriting of a testator, and of the subscribing witnesses to the will, or of some of them.
Also relevant, the chancellor held, was Mississippi Code 1942 Annotated section 501:
If the will shall appear to have been duly executed, it shall be admitted to probate, and all testimony taken in probating it shall be reduced to writing, and filed and carefully preserved in the clerk's office.
The chancellor said:
WE HAVE THEN, according to the record, a case where one (1) of the subscribing witnesses predeceased the testator and one (1) of the subscribing witnesses survived the testator and was living at the time the will was filed for probate.
After noting that it appeared from the decree entered by the clerk and a stipulation of counsel, that Mrs. Boren, the other alleged attesting witness, was alive and subject to subpoena at the time of the trial, but had not been subpoenaed by the proponents, and that there was no evidence of any kind to show why she had failed to prove the will or that she had refused to do so, and that, as a matter of fact, there was no proof of her signature at all, the chancellor held that the act of the clerk in attempting to admit the will to probate in common form was invalid. Thereupon, he sustained the motion of contestants to exclude and for a decree against the will.
On October 27, 1972, proponents filed a motion to reopen "the probate of the last will and testament in common form had herein, in order to comply with the opinion rendered by the court on the 11th day of October, 1972."
It does not appear, however, that this motion was brought to the attention of the chancellor, nor that proponents requested a hearing upon it prior to the entering, on November 24, 1972, of the following decree:
Came on this cause for hearing in a Vacation Term of this Court on Petition for Probate of the Last Will and Testament of Elisha Burcham in solemn form and a Caveat having been filed by the objectors, Archie Burcham, Arthur Burcham, Douglas Burcham, Ruth Mulhern and Fletcher Burcham, and answer having been filed to the Caveat and all parties being properly before the Court and represented by Counsel, and a jury consisting of Robert W. Herford and eleven others and the proponent having introduced into evidence the Petition for Probate of Will, Last Will and Testament of Elisha Burcham, Affidavit as to signature and execution of Last Will and Testament of Elisha Burcham, Affidavit as to signature of subscribing witnesses to Last Will and Testament of Elisha Burcham, deceased and Decree for Probate; and thereupon proponent rested. The objectors then made a motion to exclude all the evidence offered on behalf of the proponent and the Court reserved ruling on this motion. Whereupon, the objectors rested and renewed their motion to exclude the evidence and to direct a verdict for them. The Court, after hearing argument of counsel and maturely considering same, is of the opinion that said motion should be and it is hereby sustained.

*479 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of objectors to exclude the evidence offered on behalf of the proponents and direct a verdict for the objectors is hereby sustained. All costs of Court are taxed to the proponents for which let execution issue as at law.
On December 8, 1972, after entry of the above decree on November 24, 1972, the chancellor set proponents' unsworn motion to reopen for hearing on January 4, 1973. As has been noted, the record does not reflect that proponents previously had brought this motion to the chancellor's attention or had requested a hearing upon it.
The motion recited that the case should be reopened in order that proponent might "comply" with the court's opinion of October 11, 1972, with respect to the "probate in common form" of the will.
The motion to reopen was not supported by any proof as to Mrs. H.A. Boren's signature nor as to her attestation of the will, either through oral testimony or by affidavits. As a matter of fact, the unsworn motion failed to allege any facts with respect to Mrs. Boren's alleged attestation of the will. It contained no offer to produce her as a witness, if the case were reopened, nor did it suggest what her testimony would be in that event.
It is contended by contestants that the decree of November 24, 1972, was a final decree and that the single avenue which remained open to proponents thereafter lay in perfecting an appeal to this Court. Proponents take the position that the decree was not a final decree but dealt only with the validity of the clerk's probate of the will in common form.
In this situation, following a hearing on January 4, 1973, the court held with proponents, ordered the case reopened so that the issue "devisavit vel non could be tried upon its merits," but granted an appeal to this Court from his decree so holding, in order to "settle the controlling principles of the case."
The decree of November 24, 1972, finally disposed of all issues and adjudged the costs against proponents. This decree was entered in a case in which the court had jurisdiction of the parties and subject matter, at the conclusion of a trial at which the issues were drawn, a jury had been empaneled and was in the box, and proponents had offered evidence which, however, was held to be insufficient to require contestants to go forward. After proponents and contestants both had rested, on motion, the chancellor excluded the evidence offered by proponents and entered the decree of November 24, 1972.
At page 650 of Griffith, Mississippi Chancery Practice, section 610 (2d ed. 1950), the author discusses when a decree is final. Among other things, it is said:
A final decree is one that makes an end of the controversy, determines the costs, and leaves nothing further for the court to act upon so far as the merits of the issues are concerned... .
And further,
A decree is final when nothing in the case is reserved by the court for further decision.
In Anderson v. McInnis, 99 Miss. 823, 828, 56 So. 170, 171 (1911), the Court said of that opinion:
Section 506 of the Code of 1906, vests the chancellor with power to deliver opinions and to make and sign decrees in vacation in cases taken under advisement by him at a term of court; and by consent of parties, or their solicitors of record, he is given power in vacation to try cases and deliver opinions, and make and sign decrees therein. Such decrees, and all other orders and decrees which the chancellor may make in vacation, are required to be entered and rendered on the minute book of the court in which the cause or matter is pending, and are *480 given the same force and effect as if made, entered, and recorded in term time, and appeals may be prosecuted therefrom as in other cases. In the case of Ex parte Stanfield, 98 Miss. 214, 53 So. 538, this court held that "final decrees made in vacation, where authorized by law, when signed by the chancellor and delivered to the clerk to be entered, are beyond recall, and stand as if made during the term of court and court had adjourned." In other words, in construing section 507 of the Code, dealing with vacation powers, this court held that under the terms of the statute all decrees authorized by it to be entered are final decrees, and are to be given the same effect as if rendered during a term of court. What was said by the court in construing section 507 applies to section 506 with like effect. In view of the above decision, it follows that when the decree in this case was signed by the chancellor, and entered on the minutes of the court by the clerk, it was a final decree, beyond the power of the chancellor to recall or modify, except in the manner authorized by section 1016, Code of 1906, or on the ground of fraud.
See also Ledyard v. Henderson, 46 Miss. 260 (1871); Pierce v. Illinois Central Railroad Company, 254 Miss. 806, 183 So.2d 190 (1966).
Notwithstanding that the motion to reopen had been filed with the court clerk and that there had been no express overruling of it prior to the entry of the November 24, 1972 decree, that decree had the effect, in the absence of any showing that a hearing upon the motion had been requested and had been refused, of overruling it. 60 C.J.S. Motions and Orders § 38c (1969). See also Cohen v. Curtis Publishing Co., 333 F.2d 974 (8th Cir.1964).
We have held repeatedly that a motion is at issue without further pleadings, that the burden rests upon movants to support factual allegations contained in a motion with some form of proof. Also, movant may not allow the motion to lie dormant but must bring it to the attention of the trial court and seek a hearing upon it. It has been seen that, not only was the unsworn motion to reopen not supported by any proof as to the role of Mrs. Boren as an alleged attesting witness, but also was silent as to what her testimony would be if the case were reopened. See Shepherd v. Johnston, 203 Miss. 120, 33 So.2d 614 (1948); Hudson v. Gulf Ref. Co., 202 Miss. 331, 30 So.2d 66 (1947); Shaw v. State, 188 Miss. 549, 195 So. 581 (1940).
Even where a motion to reopen is appropriate and timely, it is essential that it be shown that there is newly discovered evidence, which was not known to movant at the time of trial, and that such evidence is of such character and of such probative value as reasonably may be calculated to change the result. Moreover, it must be shown that movant had been diligent and that failure to discover and present the evidence in the first instance had not been due to negligence on his part. Griffith, Mississippi Chancery Practice section 632 (2d ed. 1950).
It would not be unreasonable to assume, under these circumstances, in the absence of any explanation whatever, that Mrs. Boren's testimony would not have been favorable to proponents.
Contestants did not appeal from the decree of November 24, 1972, and the time for doing so has long since expired. The decree entered on April 18, 1973, directing a reopening of the case is reversed and vacated and the decree of November 24, 1972, is reinstated.
Reversed and decree of November 24, 1972 reinstated.
RODGERS, P.J., and PATTERSON, INZER and SUGG, JJ., concur.