PETTUS & STEVENS v. D. K. PATTERSON.

1. APPEAL FROM JUSTICE'S COURT.—Appeal from a justice's court to the circuit was properly dismissed, because no affidavit for appeal, and no "certified copy of the record of the proceedings" before the magistrate, were filed in the circuit court.

ERROR to the circuit court of Scott county. LEACHMAN, J.

Judgment of the circuit court dismissing an appeal from a judgment of a justice of the peace. The grounds of the dismissal and all the material facts are stated in the opinion of the court.

*Mayers & Lowry*, for plaintiff in error.

*A. B. Smith*, for defendant in error.

TARBELL, J.:

This case originated in the magistrate's court of Scott county, whence an appeal was taken to the circuit court of that county, where the appeal was dismissed, and thence to this court by writ of error. The only error assigned is, that the circuit court erred in dismissing the appeal. The record is brief, and is as follows: 1. The caption; 2. Bill of particulars of the claim of Pettus & Stevens against Patterson; 3. A certificate of the magistrate that Pettus & Stevens

had prayed an appeal from the judgment of said justice in the case of Pettus & Stevens v. D. K. Patterson, rendered by said justice on the 2d day of January, 1871, and said Patterson further makes oath that he prays said appeal not for the purpose of delay, but that justice may be done; 4. Appeal bond, reciting the judgment appealed from; 5. Motion in the circuit court to dismiss the appeal, " because there is no affidavit made by the plaintiffs " ; and, " because there is no judgment in the record upon which an appeal could be taken ;" 6. The order of the circuit court sustaining the motion; 7. A bill of exceptions which recites the motion, and then adds, " and the court sustained the same because the appellant had not made and filed his affidavit for the appeal, and because the certificate of the justice that he had made oath was not sufficient, and therefore said case was dismissed," which is substantially the whole of said bill of exceptions; 8. Petition for writ of error; 9. Writ of error bond; 10. Citation; 11. Writ of error. And this is the whole of the record upon which we are to dispose of this case, and we are to act upon the same facts presented to the circuit court. This is not the court in which to amend the record. That should have been done in the court below, provision being expressly made for amendment in a case of this kind.

The appeal in this case was taken under ch. XI, laws of 1870. Section 7 of that act provides: " That either party may appeal to the circuit court of the county from the judgment of any justice, whether rendered on the verdict of a jury or not ; provided such appeal be demanded and bond given within ten days after the rendition of the judgment." Section 8 of the same act declares, " that all the provisions of chapter LVIII of the Revised Code of 1857, and all laws enacted since the adoption of said code, relating or pertaining in any manner to the duties or jurisdiction of justices of the

peace, in force on the first day of December, 1869, are hereby adopted and continued in force, except so far as the same may be inconsistent with this act, or the constitution or laws of the state of Mississippi."

Art. 23, of ch. LVIII, Code of 1857, provides for appeals from the judgment of justices of the peace not rendered on the verdict of a jury, provided such appeal be demanded and bond given, and an affidavit filed. Art. 24 directs the justice, from whose decision an appeal shall be prayed, to transmit to the circuit court, "a certified copy of the record of the proceedings, with all the original papers and process in the case, and the original appeal bond and affidavit given by the appellant." It is further provided that the justice shall at all times be allowed to amend his return according to the facts.

In the absence of an application for a further return, we do not well see how the circuit court could have done otherwise than sustain the motion to dismiss. The record presented here shows an almost total disregard of the statutes regulating appeals. There was clearly no affidavit filed; there was no "certified copy of the record of the proceedings" before the magistrate, "with all the original papers and process in the case," sent up to the circuit court; it is not certain, from the record, that the original bond or appeal was transmitted, but that a copy might have been sent up instead; and it is quite certain that no original affidavit was so transmitted. It is too late to apply for an amended return. We have no power to grant such an application; and in view of the manifest defects in the records and papers upon which the circuit court based its action, there seems to be no other alternative than to affirm the judgment, which is accordingly done.