## G. W. BROOKS v. C. G. SNEAD.

AFFIDAVIT — SIGNATURE OF AFFIANT. — Where the statute requires an affidavit to be made by a party praying an appeal from a justice's court, the certificate of the justice of the peace that the affidavit required by law was made, is sufficient evidence that the affidavit was made, although the

affiant omitted to sign his name to the affidavit. The signature of the affiant is not an indispensible requisite. Rev. Code, 1871, § 1332; Redus v. Wofford, 4 S. & M., 591.

ERROR to the Circuit Court of Rankin County. Hon. URIAH MILLSAPS, Judge, presiding.

This was a suit brought by plaintiffs in error against defendant in error, before a justice of the peace. Defendant filed a setoff larger than plaintiffs' demand, and obtained judgment for the excess. An appeal was taken to the circuit court, by Brooks, who made the affidavit and executed the required bond, but the signature of the affiant did not appear on the affidavit for appeal. The defendant in the circuit court moved to dismiss the case for want of the proper affidavit, which motion was sustained and the case dismissed, and the case comes to this court on writ of error.

*G. W. Brooks*, for plaintiff in error, cited the following authorities: Rev. Code 1871, § 1333; George's Digest, p. 10, and cases referred to; 4 S. & M., 579, 439; 47 Miss., 228; 5 How., 585.

*Mayers & Lowry*, for defendants in error:

There is no law allowing amendment of affidavits for appeal from a justice of the peace. The certificate of the officer that an answer was sworn to in a chancery suit, without the signature, was held sufficient. Yeizer v. Burke, 3 S. & M., 439. Where amendments are allowed, in the discretion of the court, the exercise of that discretion will not be reversed, unless manifest injustice be done. Bloom v. Price, 44 Miss., 79.

SIMRALL, J., delivered the opinion of the court:

This was an appeal case in the circuit court from the judgment of a justice of the peace. The appeal was dismissed by the circuit court, for the want of a proper affidavit, directed by Code of 1871, § 1332, viz.: "an affidavit filed that such appeal is not made for delay, nor to vex, harass or oppress his adversary, but that justice may be done."

The objection is, that Brooks, the appellant, did not sign the affidavit. The justice of the peace certifies by his signature and seal, that Brooks appeared before him and made the oath, in the words of the statute. Lexicographers define an affidavit to be a "declaration on oath, a declaration in writing, sworn before a magistrate."

Is the signature of appellant to the affidavit an indispensable requisite? In Redus v. Wofford, 4 S. & M., 591, the creditor did not sign the affidavit setting forth the ground of attachment. To that objection, the court responded, " the evidence of this having been done, is the certificate of the justice or other officer." "The signature of the creditor attached to the affidavit would afford no proof of that fact, nor is it required by law."

This language was used with reference to the " complaint on oath * * of a creditor, for the attachment against his absconding or nonresident debtor." H. & Hut. Code, 548, sec. 11. The 13th section makes void every attachment issued without bond and *affidavit* taken and returned, as aforesaid. In the 13th section the word " affidavit " is used, as a convertible term, with " complaint on oath " in the 11th section.

The ruling in the case quoted is, that " the complaint on oath " or the " affidavit " as used in the other section need not be signed by the creditor. But the certificate of the justice of the peace, or other officer, that the oath was made, is ample evidence of that fact.

For the same reason, if the justice of the peace certifies that the party craving an appeal, makes the prescribed oath, certified by the justice, the justice is satisfied. Such certificates were held good ; that the answer to a bill in chancery was sworn to. Yeizer v. Burke, Watt & Co., 3 S. & M., 453.

We are of opinion that the appellant did make the affidavit for appeal, prescribed by statute, although he omitted to sign it. The case of Pettus and Stevens v. Patterson, 47 Miss. Rep., 228, has no application to the point made in this case. It was held in that

case that the appeal was properly dismissed, because no affidavit for appeal, and no certified copy of the proceedings before the justice of the peace were filed in the circuit court.

The judgment of the circuit court is reversed, and cause remanded.