## WILLIAM BONNER *v*. ELIJAH A. WHITE.

1. ACCOUNT. *Suit on. Affidavit. Counter affidavit. Evidence. Code* 1892, § 1801.

   If a defendant, sued upon an open account, duly sworn to under code 1892, § 1801, do not file a counter affidavit, he cannot rightfully introduce evidence to deny the correctness of the account.

2. SAME. *Set-off. Practice.*

   Where a plaintiff sues upon an open account, duly sworn to under the statute, he is entitled to a peremptory instruction for the full sum of the account, if defendant file no counter affidavit and offer no evidence of a set-off or other admissible defense.

3. SAME. *Duty of attorney.*

   It is the duty of an attorney in such case to call the court's attention to a paper on file, which he claims amounts to a counter affidavit, if he wish it to be treated as such.

FROM the circuit court of Jones county.

HON. JOHN R. ENOCHS, Judge.

White, the appellee, was plaintiff in the court below; Bonner, the appellant, was defendant there. The opinion fully states the case.

*Stone Devours*, for appellant.

The court below erred in granting a peremptory instruction for the plaintiff as for want of a counter affidavit, because one was on file. It is true the counter affidavit was informal, but it was sufficient. This court has correctly never been technical when dealing with justice of the peace proceedings. *Dunlap* v. *Clay*, 65 Miss., 454; *Brooks* v. *Snead*, 50 Miss., 416; *Trice* v. *Jones*, 52 Miss., 138; *Coppock* v. *Smith*, 54 Miss., 640.

The court takes judicial notice of everything shown by the

record.  *Secrest* v. *Petty*, 10 Ills., 188; *Pooley* v. *Seney*, 70 Iowa, 275; *Dawson* v. *Dawson*, 29 Mo. App., 521; *Leonard Woodward*, 34 Mich., 514.

When plaintiff had introduced his sworn account in evidence, he rested and moved the court for judgment for the want of a counter affidavit.  The defendant objected, and asked to have the case submitted to the jury and to be allowed to introduce evidence.  The court replied that there would be no use for evidence, as the court would have to give a peremptory instruction for the plaintiff, and, upon request of plaintiff's counsel, gave the aforesaid peremptory instruction, in pursuance of which the jury rendered the verdict.

"The statute does not alter the law of pleadings."  The defendant was entitled to have the case submitted to the jury. *Reinhardt* v. *Carter*, 49 Miss., 315.  "Affidavit to an account simply dispenses with the proof of the original correctness of the account in case same is not denied by counter affidavit.  It does not preclude every other defense, such as payment, statutes of limitation or any other affirmative matter of defense, for then it would make an account sworn to better than a promissory note, to which ordinarily no plea save that of *non est factum* is required to be sworn to. . . . The only effect of the statute is to make the account to some extent an account stated."  *Bower* v. *Henshaw*, 53 Miss., 345.

*Shannon & Street*, for appellee.

The law governing this case is plainly set forth in a number of our supreme court decisions.  We call the court's attention to a few of them, as follows: *Reinhardt* v. *Carter*, 49 Miss., 315; *Bloom* v. *McGrath*, 53 Miss., 249; *Rose* v. *Watson*, 54 Miss., 674, and authorities there cited; *Ware* v. *McQuillan*, 54 Miss., 703; *Covel* v. *Smith*, 68 Miss., 296.  The court's attention is particularly called to the case of *Rose* v. *Watson*, *supra*.  It is directly in point, and sustains the action of the lower court in every particular.

Calhoon, J., delivered the opinion of the court.

This is a controversy over what is the proper procedure under code § 1801, providing that an affidavit that an account sued on is "correct and due" and shall "entitle the plaintiff to judgment," unless there be a counter affidavit that it is not correct, etc., as applied to the facts of the particular case. These facts, precisely stated, are: White sued Bonner in the court of a justice of the peace on an account duly sworn to in conformity with that section. On the twenty-third of September, 1899, the case was called for trial in that court, and judgment given for Bonner, and White, the plaintiff, appealed to the circuit court. There appears among the papers a stray document in exactly these words:

| "*Dr.* | | *E. A.* *White.* |
|---|---|---|
| Fer services rendered in 1898 and 1899 _____ | | $125 00 |
| Cash paid at Vosburg _____ | $75 00 | |
| 1 Check_ _____ _____ | 25 00 | 100 00 |
| | | ——— |
| Balance_____ _____ | | $ 25 00 |

Sworn to and subscribed ·before me this twenty-third of September, 1899.

(Signed)                        D. Ferguson, *J. P.*"

We assume this was designed as a set-off, though it is not clear what it means. It does not show to whom White owed the money, nor how it is that the debit is not a total of $225, instead of a balance of $25, and it does not conform, in the affidavit, to code § 1801. Nevertheless, this document was among the papers in the cause in the circuit court, and might, we presume, have been established as a set-off there by proper evidence. But it is very clear that it was no counter affidavit, and it did not deny the correctness of the plaintiff's account.

In this situation of affairs the case was called for trial *de novo* on the appeal in the circuit court, and the plaintiff (White) introduced to the jury his sworn account and rested, offering no other evidence whatever, and at once moved for judgment for the amount of his demand because there was no counter

affidavit on file, as, clearly, there was none. Thereupon, and before the court acted on this motion, Bonner's counsel asked if he would be allowed to introduce evidence, and the court responded that he would not be permitted to offer evidence contradicting the account sued on, and the counsel then asked if he would be permitted to go to the jury, and the court said he might go to the jury, but it would be instructed to find for the plaintiff, and, counsel saying nothing further, the court did so instruct, and the verdict and judgment were according to the instruction. Then the counsel made a motion for a new trial, on the grounds:

1. Because of sustaining the motion for a judgment "on a sworn account when a counter affidavit was on file."

2. Error in "refusing to submit the case to the jury and permit defendant to introduce witnesses."

On this motion "the court requested defendant to make affidavit to any matter of affirmative evidence which he might wish to introduce, not denying the original correctness of the plaintiff's account, and, if the court thought it of merit, it would grant a new trial." The defendant declined this suggestion and the motion was overruled.

Counsel contends here that there was an affidavit of defendant on file, and that the court was required to take judicial cognizance of it, and that, even without affidavit, he was entitled to go to the jury. We think it manifest there was no affidavit denying the correctness of plaintiff's sworn account, or specifying wherein it was incorrect, as the statute requires, and we think *Coppock* v. *Smith*, 54 Miss., 640, and *Trice* v. *Jones*, 52 Miss., 138, and *Dunlap* v. *Clay*, 65 Miss., 454, and *Brooks* v. *Snead*, 50 Miss., 416, have no relevancy. But, suppose it was all right, the defendant was represented by counsel who might or might not use it, as he saw fit, and he should have brought it to the attention of the court in the colloquy. On the contrary, he was silent then, and silent in the

Statement of the case.

colloquy on his motion for a new trial, and nowhere in the record is there a hint thát he had in fact any valid defense.

The cases of *Reinhardt* v. *Carter*, 49 Miss., 315, and *Aaron* v. *Podesta*, 60 Miss., 82, do not apply, because there the court entered a judgment without jury. Here it put the case to the jury, and, without some offer to introduce evidence in avoidance or in support óf some set-off, the court was bound to give the peremptory charge. It is not to be doubted, because plain from the language of the presiding judge below, that defendant would have had every opportunity to show any defense he had not in contradiction of the correctness of the account sued on.

*Affirmed.*