DRUSILLA CALHOUN *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Misdemeanor. Appeal from justice's court. Sufficiency of record. Circuit court.*

A defendant who has been tried and convicted of a misdemeanor in the circuit court, on his appeal from the judgment of a justice of the peace, cannot complain of the absence of a duly certified copy of the proceedings of the justice of the peace, if there be on file in the circuit court the affidavit on which he was tried, a copy of the judgment of the justice of the peace convicting him, and his appeal bond.

FROM the circuit court of, first district, Hinds county.

HON. DAVID M. MILLER, Judge.

Mrs. Calhoun, the appellant, was tried and convicted of a misdemeanor, unlawfully selling intoxicants, before a justice of the peace. She appealed to the circuit court, and was there tried *de novo* and again convicted; and she appealed to the supreme court. The facts upon which the legal questions involved depend are stated in the opinion of the court.

*Harris, Powell & Harris,* for appellant.

The circuit court cannot, on appeal, try a party except on the affidavit made in the court below, and the only identification of such affidavit is the certificate of the lower court as provided by Code 1892, § § 83, 84. Such certificate is absolutely necessary. See *Pettus & Stevens* v. *Patterson,* 47 Miss., 228 (12 Am. & Eng. Ency. Law, 505).

We contend that the question of jurisdiction can be raised at any time, because without a certified transcript of the proceedings before the lower court the circuit court has jurisdiction of neither the person nor the crime charged. See *Green* v. *Creighton,* 10 Smed. & M., 159; *Lester* v. *Harris,* 41 Miss., 668; *Yalobusha County* v. *Carbry,* 3 Smed. & M., 529; *Buckingham* v. *Bailey,* 4 Smed. & M., 538, 549, 559.

*William Williams,* attorney-general, for appellee.

The justice of the peace substantially complied with Code 1892, § 84. The justice of the peace should have certified to the record transmitted to the circuit court, but appellant was the party to perfect his appeal. If the appeal had been dismissed in the circuit court, the judgment of the lower court certainly would have stood. Appeal cases from the justice's to the circuit court are tried *de novo,* and appellant in this case complied with the law relative to appeals by executing an appeal bond, and went to trial upon the record as it appeared in the circuit court. Having thus obtained an opportunity to have been acquitted upon the record, he cannot now be heard to complain. It was his duty to see that the appeal, in all respects, was before the circuit court. The presumption is that the state waived its right to have a certified copy of the record of the justice of the peace, or else, in all probability, a motion would have been made to dismiss the appeal because the record was not in strict compliance with the statute. The record shows that the affidavit, appeal bond, and transcript of the record were before the court.

The contention of counsel is not supported by *Pettus* v., *Patterson,* 47 Miss., 228.

HOUSTON, J., delivered the opinion of the court.

On October 27, 1904, an affidavit was made before T. M. Lemly, a justice of the peace of the fifth district of the county of Hinds, charging Drusilla Calhoun with having willfully

and unlawfully sold intoxicating liquors on October 22, 1904. Defendant was arrested, tried, convicted, and fined $250 and costs. She filed her appeal bond, which was approved October 28, 1904. This record recites that "on March 6, 1905," the first day of the next circuit court of said county, "the following papers on appeal from the justice's court of T. M. Lemly, justice of the peace, were filed in the circuit clerk's office of said circuit court—to wit, first, the affidavit" (which is fully set out); and, secondly, 'under the head of "Transcript of Record," appears this: "Copy of the record of the proceedings before T. M. Lemly, a justice of the peace of the fifth district of Hinds county, Mississippi, in the case of the *State of Mississippi* v. *Drusilla Calhoun.* Affidavit of Lewis Gordon v. defendant, filed October 27, 1904. Bench warrant issued October 27, 1904, returnable instanter, directed to Lewis Gordon, constable. Defendant charged with unlawfully selling intoxicants." Then follows a copy of the judgment of conviction, dated October 28, 1904, signed by T. M. Lemly, justice of the peace, and the appeal bond to the circuit court, which is also fully set forth, with the indorsement of approval of same by said justice of the peace on October 28, 1904. All of said papers are indorsed, "Filed March 6, 1905." Defendant went to trial on this record transmitted by said justice of the peace to said circuit court, and without objection on her part or on that of the state to any of the proceedings; but after she was convicted and fined $100 and costs, she made a motion in arrest of judgment on the ground that there was no certificate of the justice of the peace to his record, which, being overruled, she filed motion for a new trial, and after that was likewise overruled, she prosecuted this appeal, and assigns as error the overruling of these motions.

While, technically, the justice of the peace should have certified to his docket entries and judgment, still, it appearing from this record that a copy of said entries and judgment, as

well as the affidavit and appeal bond, was filed in the circuit. clerk's office, and that no action was taken by defendant to perfect her own appeal, and no objection of any kind made to this record, either by her or the state, until after defendant had taken the "chance of success by going to trial," we think it too late for the defendant, after conviction, to raise this technical objection to the record, which, under the circumstances, does not, in our opinion, go to the very "essence of jurisdiction." See *Coleman* v. *Gordon* (Miss.), 16 South. Rep., 340. In the cases cited by counsel for appellant there was an entire want of jurisdiction in the court. In the case of *Pettus* v. *Patterson,* 47 Miss., 228, the record not only failed to show any "certified copy of the record of the proceedings". before the magistrate, but it also failed to show any affidavit by the appellant, as was required by the code of 1857 and the laws of 1870, under which that case was decided. When the case reached the circuit court, the appellee there made a motion to dismiss the appeal for the above reasons, and the appellant there made no motion or application to have the magistrate amend his return. Hence the circuit court had no other alternative than to dismiss the appeal. And the supreme court necessarily affirmed the judgment. If seasonable objection had been made by defendant in the instant case, the return of the justice of the peace would have been amendable, under Code 1892, § 84, and the decisions of this court. If the appeal had been dismissed on motion of the state, the judgment of the justice of the peace would have remained in force. We do not think that defendant can be heard to complain of this record after she has seen fit to go to trial upon it, and has had an opportunity to be acquitted on the record.

The only error insisted upon is that "it is contrary to public. policy to permit officers to persuade parties into the commission of crime, and have them punished, in order for such officers to get a reward." In our opinion, the facts, as shown by

this record, do not bring this case within the rule announced by the authorities cited by learned counsel for appellant.

*Affirmed.*