## WILLIAMS *v.* WILLIAMS.

[78 South. 152, Division A.]

1. JUSTICE OF THE PEACE. *Certiorari. Judgment entry.*
   On the trial of a writ of *certiorari* in the circuit court from a judgment in replevin in a justice court, the proper judgment to be entered was either one of affirmance of or reversal of the judgment of the justice of the peace, and in case of a reversal the court should "enter up such judgment as the justice ought to have entered, if the same be apparent, or may then try the cause anew on its merits," as provided in section 90, Code 1906 (section 72, Hemingway's Code).

2. REPLEVIN. *Affidavit. Sufficiency.*
   The signature of the affiant is not essential to the validity of an affidavit, unless expressly required by the statute under which it is made, and section 4214, Code 1906 (section 3043, Hemingway's Code), providing for commencing actions of replevin by affidavit, contains no such requirement.

3. REPLEVIN. *Affidavit. Sufficiency.*
   Under Code 1906, section 4214 (Hemingway's Code, section 3043), an affidavit in replevin was defective where it failed to set forth the value of each article sued for.

4. REPLEVIN. *Judgment. Sufficency.*
   Under Code 1906, section 4214, a judgment in replevin was defective where it failed to separately assess the value of each article sued for.

APPEAL from the circuit court of Warren county.
HON. E. L. BRIEN, Judge.

Replevin by Mary Williams against Mary A. Williams. From a judgment rendered, defendant appeals.
The facts are fully stated in the opinion of the court.

*A. A. Chaney,* for appellant.

The *certiorari* is a corrective writ by which the superior courts exercise a supervisory power over inferior courts and tribunals, and by which their records are brought under review to the end that all abuses of

power may be corrected, and that they may be held strictly to the jurisdiction marked out for them and prevented from transcending the powers by law conferred upon them. 38 So. 349.

The record in this case clearly shows beyond any question that the justice of the peace accepted the bond, and no one questions that the attorney for the appellant thought the case was appealed until he discovered several months later the real facts as above stated. The only remedy then was to take advantage of the writ of *certiorari*, the only corrective writ, and the circuit court should have sustained the writ and granted a trial *de novo* on the merits of the case. This court might well take judicial notice of the fact that the average justice of the peace rarely reaches a correct decision. When it is done, it is usually by mistake, and if they are permitted to thus override the law and send up appeals only in their discretion, it would be equivalent to holding that one could not appeal from their decisions, thereby making their judgments final.

If the court below had had any doubt as to whether or not the bond in question was a good one, then he should have heard evidence as to its solvency and being satisfied as to its solvency, then proceeded to try the case on its merits as on appeal. Practically the same facts were presented to this court in the case of *Robertson* v. *Mhoon,* 9 So. 887.

The error which has just been pointed out should certainly reverse this case. There are still other errors, however, either one of which should bring about a reversal of this case. Judgment was rendered for the recovery of the property in question or two hundred dollars and all cost of the proceedings, when the valuation thereof was only placed at fifty-eight dollars by the constable taking them into his possession, and whose valuation, under the law is *prima-facie* correct.

Under section 4214 of the Code of 1906, it is provided that in actions of replevin, affidavit shall be made giv-

ing a description and placing a value on each article separately. In the case at bar no affidavit was signed by the plaintiff, Mary Williams, and no valuation placed as to the value of the property sought to be recovered. This error of itself ought to bring about a reversal of this case.

*T. G. Birchett* and *T. B. Ewing,* for appellee.

The appellee, plaintiff in the court below, moved to quash the writ of *certiorari* and raised the direct point that no bond for appeal was given as required by law.

On page sixteen of the record it will be seen that the circuit court heard the petition for the writ of *certiorari* and heard the evidence and considered same and denied the prayer of the petitioner. The record does not contain the evidence on which the circuit court acted and the presumption of law is that the act of the court followed the evidence and was sustained thereby. This presumption of law is elementary and it is unnecessary to cite authorities in support thereof.

''The action of the court below is presumed correct until error is made manifest by the record. This rule is of universal application with reference to courts of general jurisdiction and recognized in every other court and there can be no reversal until the records show error affirmatively.'' This statement of the law is found in the Mississippi Digest Annotated, Volume 1, page 137, section 906, and is sustained by the numerous authorities therein cited.

The authorities of *Robertson* v. *Moone,* 9 So. 888, is in application. In that case the court held that the circuit court should have proceeded to hear evidence touching the alleged misconduct of the magistrate in taking and retaining ·the appeal bond and afterwards declining to approve same, etc. This is just what the judgment of the circuit court shows was done.

Appellant discussed the question that the judgment was rendered for the value of the property in question for two hundred dollars and all costs, when the value thereof was only placed at fifty-eight dollars by the constable. This objection is one that should have been availed of by appeal and no appeal was taken and besides in section 4221, Mississippi Code 1906, the officer's return is only *prima-facie* evidence and yields to specific proof as it did in the trial in the justice court. The contention of appellant that the affidavit does not place the value on each article separately and that no valuation is placed on the property sought to be recovered is also without merit. Omissions of this character being defects in pleadings, are cured by the judgment rendered in the case by the justice of the peace from which no appeal was taken. Section 808, Mississippi Code 1906, applies here fully.

The point that the affidavit was not signed by the plaintiff, Mary Williams, is also cured by the same statute, if it is an error. Section 4214, Mississippi Code 1906, does not require the affidavit to be subscribed and the record in this case clearly shows that this affidavit was sworn to by the appellee, plaintiff, before the justice of the peace. This court has held in the case of *Redus* v. *Wofford,* 4 S. & M. 579, that an affidavit in attachment is not vitiated because the signature of the creditor is not placed to the affidavit of the indebtedness of the defendant and his nonresidence. What is the difference in the principle between the two affidavits and the respective requirements between an affidavit in replevin and one in attachment.

We submit that this case should be affirmed and that the trial court committed no error.

SMITH, C. J., delivered the opinion of the court.

Appellee instituted an action of replevin against appellant in a court of a justice of the peace for the

recovery of several articles of personal property alleged to be wrongly detained from her. The affidavit upon which the writ was issued was sworn to before the justice of the peace, but was not signed by appellee, and failed to allege either in the aggregate or in detail the value of the property sought to be recovered. The writ was executed by a constable, who, in his return, valued each article separately, the total of which was fifty-eight dollars and fifty cents. When the cause came on to be heard before the justice of the peace the following judgment was entered, omitting the formal parts:

"It is therefore considered by the court and so ordered and adjudged that the plaintiff, Mary Williams et al., do have and recover of and from the defendant, Mary A. Williams, that certain household furniture, etc., which was seized by the officer in this cause, and that the same be delivered to her by the officer of this court. It is also adjudged that the defendant, Mary A. Williams, pay the costs herein. It is further ordered that in default of the delivery of the said property that plaintiff, Mary Williams, do have and recover of and from A. A. Chaney and C. G. Maas two hundred dollars and all costs in this behalf expended, for which let execution issue."

Afterwards the record was certified to the circuit court by the successor of the justice of the peace who rendered the judgment, in response to a writ of *certiorari* issued in accordance with section 90, Code 1906 (section 72, Hemingway's Code). Included in this record is a bond for an appeal to the circuit court, bearing a date within the time allowed therefor, but on which there was no indorsement of approval by the justice of the peace. When the cause came on to be heard in the circuit court a judgment was entered reciting that:

"This day came on for hearing the petition for writ of *certiorari,* and the court, having heard the evidence

and considered the same, doth deny the prayer of the petition.

"It is further ordered that writ of *procedendo* issue herein, and that said defendant and A. A. Chaney and T. D. Marshall, sureties, pay all costs incurred, to be taxed, for which let execution issue."

This judgment seems not to. be technically correct, for the reason that the prayer of the petition, which is simply for a writ of *certiorari* directing the justice of the peace to send up · the record, was granted when the petition was presented to the circuit judge and the writ directed by him to be issued. The proper judgment to be entered upon a proceeding of this character is either one of affirmance or of reversal of the judgment of the justice of the peace; and in case of a reversal the court should "enter up such judgment as the justice ought to have entered, if the same be apparent, or may then try the cause anew on its merits." Section 90, Code 1906 (section 72, Hemingway's Code).

The defects in the proceeding before the justice of the peace, claimed to be apparent on the face of the record, are: First, the affidavit was not signed by the affiant. Second, the value of the property sought to be recovered, either in the aggregate or of each separate article, is not set forth in the affidavit. Third, the judgment fails to in any way set forth the value of the articles sued for, the value of each of which should have been separately assessed therein. Appellant also contends that the failure of the justice of the peace to approve the bond was without justification, and that it should have been approved by the court below and the trial proceeded with as an appeal proper. This contention is not presented by the record, for it contains no evidence whatever bearing thereon.

The signature of the affiant is not essential to the validity of an affidavit, unless expressly required by the statute under which it is made and section 4214, Code 1906 (sec. 3043, Hemingway's Code), which here

governs, contains no such requirement (*Redus* v. *Wofford,* 4 Smedes & M. 579; *Brooks* v. *Snead,* 50 Miss. 416; Words and Phrases, First Series vol. 1, p. 244; Id., Second Series vol. 1, p. 148).

The affidavit and judgment were both defective because of the failure of the first to set forth and of the second to assess separately the value of each article sued for. Section 4214, Code 1906 (section 3043, Hemingway's Code); cases cited in 3 Mississippi Digest (Bobbs-Merrill) p. 679, par. 96. We are not here called on to decide whether or not the omission from the affidavit of the value of the property would of itself alone have necessitated the reversal by the court below of the judgment rendered by the justice of the peace if the value thereof had been properly assessed in the judgment rendered by him, for, without reference to that question, the judgment should have been reversed because of the error in not assessing therein the value of the property sued for, the value of each article of which should be separately assessed.

The judgment is also alleged to contain other defects, but nothing could be accomplished by a consideration thereof, for the reason that it must be reversed *in toto* and a new trial awarded in the court below.

*Reversed and remanded.*