HUMPHREYS COUNTY *v.* CAMPBELL.

[91 South. 449. No. 22281.]

1. TOWNS. *Certificate of trustees of township as to inhabitants' consent to leasing sixteenth section void where not signed by trustees.*

The certificate required by section 4711, Code of 1906 (section 7522, Hemingway's Code), to be made by the trustees of a township and filed with the board of supervisors, setting forth that the inhabitants of the township had agreed to the leasing of the sixteenth section therein before the board of supervisors may lease such section, must be signed by the trustees, and their failure so to do will render the certificate void.

APPEAL from chancery court of Humphreys county.

HON. E. N. THOMAS, Chancellor.

Bill by Humphreys County against W. E. Campbell. From a decree sustaining a demurrer to and dismissing the bill, plaintiff appeals. Reversed and remanded, with leave to answer.

*Green & Green,* for appellant.

As held in *Learned* v. *Matthews,* 40 Miss. 210, the principle is of general application that at law every naked

power must be strictly pursued and all prescribed formalities duly observed. As was held in *Bartlett* v. *Sutherland,* 24 Miss. 403: "We take the rule to be clear and indisputable, that wherever a power to act is conferred upon two or more, and it is dependent upon their judgment whether the act shall be done or not, the power conferred in such case is a special trust or confidence reposed in the judgment of all; and without the concurrence of all, the power cannot be exercised. Such was the rule established by the supreme court of Kentucky in the case of *Woolbridge Heirs* v. *Watkins, Executor,* 3 Bibb. 349; and we believe it to be the true one. Township 14, range 3 West, Yazoo County, Miss."

Under the statute the consent must be under oath and when so certified the certificate of the trustee shall be conclusive of the facts stated therein. We submit that this certificate does not make affirmative the subsequent clause of the statute. Its caption is proper and the report says: "We, the undersigned trustees . . . beg leave to report to your Honorable Body . . ." and the certificate, if this can be so called, is not signed nor is it sworn to. The jurat taken before the lessee of the land shows an oath by Hairiston and Miller and fails completely to show any certificate signed by McConnell Smith. Primarily the trustees "shall attend and organize the meeting," which does not mean that one trustee or two trustees but all trustees. A joint power vesting a special jurisdiction in three individuals is not exercisable by two of those individuals, if, as this certificate shows, it was exercised by any person at all. *Bartlett* v. *Sutherland,* 24 Miss. 403; *Woolridge's Heirs* v. *Watkins, Executor,* 3 Bibb. 349; See, also *Noel* v. *Harvey,* 29 Miss. 72; *Clark* v. *Hornthall,* 47 Miss. 475.

*Barnett & Perrin,* for appellee.

It appears from the face of the certificate that it was made by only two of the three trustees, and it is insisted

that for this reason the certificate does not comply with the statute. We think this objection is fully met by the case of *Fullwood* v. *State,* 67 Miss. 554, citing 10 Maine, 560, 68 Me. 587.

While as a rule applicable to authority of a private nature, power given three may not be exercised by two, the contrary is true of the authority of a public nature. It further appears from the face of the certificate that it was not signed by the trustee. The statute does not require the certificate to be signed, it only requires it to be sworn to—which was done. 5 Am. & Eng. Enc. of L., 800.

It will be observed that the allegation of the bill is that the minutes do not show that the certificate was signed; there is no allegation that it was not signed in fact, and that through error of the clerk, the names were omitted. The jurat of the officer says that it was signed, and we submit that the minute of the certificate shows on its face that the signature appeared and were omitted by the clerk, in the absence of an allegation that that certificate was not in fact signed. The error is an immaterial one.

A certificate, unless signatures are expressly required, is good without the signatures of the makers. 5 Am. & Eng. Enc. of L., 800. In the case of *People* v. *Nordheim,* 99 Ill. 553, the statute expressly required signatures and did not require an oath.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree sustaining the demurrer to and dismissing an original bill. The bill prays for the cancellation of a lease to the appellee of section 16, township 14, range 3 west, which when the lease was made was a part of Yazoo county, but is now a part of Humphreys county. The lease was executed by the county superintendent of Yazoo county pursuant to the following order made by the board of supervisors of that county:

In the Matter of Leasing Section 16, Township 14, Range 3 West, Yazoo County, Mississippi.

The following certificate of the trustees of the above township is received, approved, and ordered spread upon the minutes:

"To the Board of Supervisors of Yazoo County, Mississippi, in the Matter of Leasing Section 16, Township 14, Range 3 West, Yazoo County, Mississippi:

"We, the undersigned, trustees of the above-mentioned township, beg leave to report to your honorable body that we gave the following notice to the heads of families of said township by posting the same in three public places in said township for more than five days:

"'Notice    Notice    Notice    Notice

"'To the Heads of Families in Township 14 Range 3 West, of Yazoo County, Mississippi.

"'The undersigned, township trustees of the above-named township, do hereby call a meeting of the heads of families of township 14, range 3 west, of Yazoo county, Mississippi, to be held at Silver City schoolhouse, in said township, on Saturday, the 30th day of September, 1916, at which time and place the said trustees will attend, organize the meeting, and take the sense thereof as to whether the sixteenth section of said township shall be leased for a term of years.

"'[Signed]    S. S. HAIRSTON,
"'McCONNELL SMITH,
"'L. E. MILLER,
"'Trustees, Township 14, Range 3 West, Yazoo County, Mississippi.'

"That, pursuant to the said notice and call, there was held a meeting of the heads of families of the said township on Saturday, the 30th day of September, 1916, at the Silver City schoolhouse, which said schoolhouse is conveniently located in said township.

"That the undersigned trustees attended said meeting, organized the same and took the sense thereof as to whether or not the sixteenth section of said township should be leased for a term of years, and we hereby certify that it was the sense of the said meeting that the said sixteenth

section should be leased for a term of years, to-wit, for a term of five or more years, and we respectfully request your board and the county superintendent of education to take the steps provided by law to carry out the wishes of the above heads of families of said township.

"Respectfully submitted.

"Sworn to and subscribed before me this the 30th day of September, 1916, by S. S. Hairston and L. E. Miller, and ———, the above-mentioned trustees, township 14, range 3 west, Yazoo county, Mississippi. W. E. Campbell, Mayor of Silver City and *Ex Officio* Justice of the Peace. [Seal.]"

And it appearing to the board that all the preliminary matters and things required by law have happened and have been performed, the superintendent of education is hereby directed to lease the said section 16, township 14, range 3 west, of Yazoo county, Mississippi, by private contract for a term of not more than fifteen years, and at an annual rental of not less than seven hundred and fifty dollars, for which said superintendent shall take from such lessee lease contract in conformity with the above, and also notes of such lessee for the rent of the said sixteenth section, and attend to their collection as provided by law.

Such lessee shall only cut such timber on said section as is necessary to put said lands in cultivation, for use for fuel and improvement on said land.

The grounds for canceling the lease set forth in the bill are:

First. The rent provided for in the lease is grossly inadequate.

Second. The lease is for a period of years, and the lessee has not executed the rent notes required of him both by the order of the board of supervisors and the statute providing for the lease of sixteenth section land.

Third. That no meeting of the inhabitants of the township to determine whether or not the land should be leased was in fact held.

128 Miss.—48

Fourth.   The certificate of the township trustees is not signed by them.

Fifth.   The certificate of the trustees was not sworn to by all of the township trustees.

Sixth.   It does not appear that the oath to the certificate was made within the territorial jurisdiction of the officer before whom it purports to have been made.

The requirement of section 4711, Code of 1906 .(section 7522, Hemingway's Code),. that "the consent, or refusal of consent," of the inhabitants of a township for the lease of the sixteenth section "shall be certified to the board of supervisors  . . .   under oath; and the certificate of the trustees," etc.

Leaving out of view the fact that the alleged certificate of the township trustees shows on its face that it was meant to be completed by being signed by the. trustees, the want of their signature thereto renders the certificate incomplete and void, for the requirement of section 4711, Code of 1906 (section 7522, Hemingway's Code), is that "the consent, or refusal of consent," of the inhabitants of a township to the leasing of sixteenth section lands "shall be certified to the board of supervisors at its next or a subsequent meeting, by the trustees, under oath," etc., and the word "certify" means, according to the lexicographers, "to testify to in writing; to make a declaration concerning, in writing, under hand, or hand and seal."   Webster's New International Dictionary; Century Dictionary & Encyclopedia.

It is stated in the brief of counsel for the appellee that the certificate may have been in fact signed by the trustees and their names omitted by the clerk of the board of supervisors in copying the certificate into the minutes of the board.   But, if such be the fact, it cannot be availed of by the appellee here, for the consent of the inhabitants of the township to the leasing of a sixteenth section is a fact necessary to invest the board of supervisors with the right to lease it, or, in other words, is a jurisdictional fact;

consequently it must affirmatively appear from the minutes of the board that such consent was given.

In *Saunders* v. *Erwin,* 2 How. (Miss.) 732, it was held that an affidavit made before an officer who is confined in the execution of his duties to a particular territory must show on its face that it was made before the officer within his territorial jurisdiction, but, since the lease here in question must be canceled because it does not appear that the board of supervisors was authorized to make it by the inhabitants of the township, it will not be necessary for us to decide what effect the failure of the affidavit to show on its face that it was made within the territorial jurisdiction of the officer before whom it was made would have on its validity. For the same reason it will not be necessary for us to decide the other questions hereinbefore referred to.

Reversed and remanded, with leave to the appellee to answer within thirty days after the filing of the mandate in the court below.

## ON SUGGESTION OF ERROR.

ANDERSON, J. It is argued that the certificate under oath by the trustees required by the statute is nothing more than an affidavit, and that it was held in *Williams* v. *Williams,* 117 Miss. 251, 78 So. 152, that the signature of the affiant was not essential to the validity of an affidavit expressly required to the statute under which the affidavit was made, and that the statute here involved does not expressly require the signatures of the township trustees, and therefore the certificate in question is valid. In *Williams* v. *Williams, supra,* this court held as appellee contends it did. But we cannot agree with the contention that the statute here in question does not expressly require the signatures of the township trustees. By its plain terms it requires, not an oath alone, but a certificate and an oath, or a certificate under oath, which amounts to the same thing. A certificate under oath is more than a mere affi-

davit. As held in the opinion handed down in this case (and we see no reason to change our view in that respect), a certificate must be signed by the party making it; otherwise there is no certificate. That is the only method the maker has of authenticating his act. It is to be presumed that the legislature used the word "certified" in its ordinary sense—a signed statement of fact. We conclude that the requirment of a certificate under oath is tantamount to an express requirement that such certificate be signed by the maker.

Counsel for appellee ask the court to pass on a state of case to be shown after the cause is remanded to the trial court. Manifestly the authority of this court is confined to the record as here now presented. We cannot consider a case to be hereafter made on another trial.

*Suggestion of error overruled.*