PIERCE *v.* JERNIGAN.*

(Division A.   Nov. 26, 1928.)

[118 So. 898.   No. 27458.]

---

*Corpus Juris-Cyc. References: Justice of the Peace, 35CJ, section 498, p. 796, n. 39.

*Frierson & Weaver,* for appellant.

*Loving & Loving,* for appellee.

McGowen, J. Jernigan, the appellee here, sued the appellant, Pierce, before Vandiver, a justice of the peace, in which court there was a judgment for the appellee, from which appellant appealed to the circuit court, in which court the verdict and judgment was in favor of the appellee, and appellant prosecutes his appeal to this court.

There was a motion by appellee to dismiss the appeal here because the record was not certified to the circuit court by the justice of the peace, and we determined to dispose of the motion on the submission of the case.

The justice of the peace made no effort to certify his record, and there is no substantial compliance with the requirement of section 65, Hemingway's Code of 1927 (section 85 of the Code of 1906).

In resistance of the motion, counsel for the appellant urges that a copy of the judgment, with entry on the docket, the name of the justice of the peace being attached thereto, is a substantial certificate, as required by the above section.

Section 65 requires that the justice of the peace from whose decision an appeal is taken shall transmit to the clerk of the circuit court a certified copy of the record of the proceedings. It may be that this is a copy, but it is not a certified copy; and this question is at rest in this court, and the case of *Calhoun* v. *State,* 86 Miss. 553, 38 So. 660, was necessarily and essentially overruled prior to the decision by this court of the case of *Rodgers* v.

*City of Hattiesburg,* 99 Miss. 639, 55 So. 481, in which case the Calhoun case was specifically overruled, and we held that the certificate must be attached to the record of the proceedings, in order to confer jurisdiction upon the circuit court; and since jurisdiction was wanting in the circuit court, there was none in this court.

Judge ANDERSON, as the organ of the court, said:

"The want of such a certified copy is not a defect which may be cured or waived. It is jurisdictional. Without it, the circuit court cannot proceed with the cause. It is without jurisdiction, and on appeal to this court there is no jurisdiction here. The question of jurisdiction can be raised at any time. It may be raised for the first time in this court. The court, of its own motion, will dismiss an appeal where it has no jurisdiction. The case of *Calhoun* v. *State, supra,* was necessarily over-ruled by *M'cPhail* v. *Blann,* (Miss.), 47 So. 666, *City of Greenwood* v. *Weaver,* 96 Miss. 604, 50 So. 981, and *Allen* v. *State,* 98 Miss. 192, 53 So. 498, *supra.*

"The judgment of the court below is reversed, and the cause remanded, with directions to the circuit court to dismiss the appeal to that court, and award a writ of *procedendo* to the court of the police justice to enforce the judgment of his court, unless the appellant shall perfect the record of proceedings from such police court."

This case will be reversed and remanded, to be proceeded with in the lower court as above indicated.

*Reversed and remanded.*