LAND v. COFFEY.

(Division B. Oct. 22, 1934.)

[157 So. 89. No. 31299.]

Thos. Land and **J. G. Smythe**, both of Kosciusko, for appellant.

**F. E. Leach**, of Carthage, for appellee.

**Griffith, J.**, delivered the opinion of the court.

An action of replevin was instituted by appellant in the court of a justice of the peace against appellee for some cotton. No certified transcript of the justice court proceedings appears in this record, as required by section

66, Code 1930, and, except for the recitals in the judgment of the circuit court, we would not know whether the case was ever tried in the justice court or, if so, what the result thereof was, and whether it was actually appealed and an appeal bond given. Ball v. Sledge, 82 Miss. 747, 35 So. 214. The case was tried in the circuit court, and it is said that the trial there was de novo, but, as already stated, the record fails to show that it was ever tried in the justice court. It has repeatedly been held by this court that, in the absence of the certified transcript, as required by said section 66, the circuit court is without jurisdiction to proceed with the appeal in so far as the merits of the case are concerned. Pierce v. Jernigan, 151 Miss. 759, 118 So. 898, and prior cases therein cited.

The rule above stated has been modified in part by section 3403, Code 1930. That modification goes, however, only to the extent that an objection raising the question of the absence of the justice court transcript shall not be permitted to be made for the first time in the Supreme Court. In the case before us the objection was specifically made and entered of record in the circuit court, which objection was sustained by the court; and, if the circuit court had dismissed the appeal and awarded a writ of procedendo to the justice court, the judgment would be affirmed. But the court did not do that—the judgment entered was a circuit court judgment for the defendant as if on the merits that plaintiff restore to de-defendant the cotton, or pay him the value thereof, to-wit, ninety-three dollars and eighty-three cents, and against the sureties on appellant's appeal bond, when, as already stated, no appeal bond appears of record. In the state of the record as it then existed in the circuit court, that court was not authorized to render a judgment on the merits, for the court had no jurisdiction except to dismiss the appeal, if not perfected, and award

a writ of procedendo. For the reason last stated, and that alone, the judgment must be vacated and reversed and the cause remanded, to be proceeded with in the circuit court as indicated in Pierce v. Jernigan, supra.

Reversed and remanded.